

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Suite 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

DOUGLAS B. MOYLAN, in his Official )         Civil Case No.1:26-cv-00007
Capacity as the Attorney General of Guam, )
)
                               Petitioner, )
)
               vs. )
)
SUPREME COURT OF GUAM, )
)        **Verified Petition**
                  Respondent, )    **for Writ of Prohibition**
)
             And )
)
ARTHUR U. SAN AGUSTIN and )
MASATOMO NADEAU, )
)
          Real Parties in Interest. )
)

Petitioner, DOUGLAS MOYLAN, in his Official Capacity as the Attorney General of Guam ("**Attorney General**"), on behalf of his client, the PEOPLE OF GUAM ("**The People**"), petitions this Court for a Writ of Prohibition directed to Respondent, SUPREME COURT OF GUAM, and by this verified petition alleges:

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **1** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 1 of 20

The People of Guam respectfully move this Court to prohibit the Supreme Court of Guam from preventing them from perfecting their appellate rights. The February 4, 2026 Order disqualified the Attorney General of Guam from further representation in *The People of Guam v. Arthur U. San Agustin and Masatomo Nadeau*, Supreme Court of Guam Case No. CRA24-023 and expressly stated that any further filings would be stricken. It further stated that should "conflict-free substitute" enter an appearance the People had until February 12, 2026 to file a motion for rehearing. Supreme Ct. Guam Order (Feb. 4, 2026) at 3 (copy appended as **Exhibit B**). This Order violates the due process and equal protection clauses under the Fourteenth Amendment to the Constitution of the United States and the right "to petition the government for a redress of grievances" under the 1950 Organic Act's Bill of Rights (48 U.S.C. § 1421b(a)).

The Order did not provide effective notice to the "People," a non-natural legal entity, that they were required to secure new counsel and did not, otherwise, direct the Attorney General or any other agency with securing such counsel[1]. The Order, therefore, frustrated the People's right to further appeal the Superior Court of Guam's dismissal of a criminal indictment against public officials who neglected to issue proper sanitary certificates to Guam schools for the protection of the students, staff and visitors. Further, the Order effectively prevents the Attorney General from filing a Petition for Certiorari to the Supreme Court of the United States having been banned from further representation based on an alleged ethical violation.

After receipt of the Order and to avoid possible sanction, the Attorney General out of an

---

[1] Petitioner does not concede that he could have been disqualified and replaced, including under the U.S. Congress' statutory design for the creation and empowerment of the position of Attorney General of Guam. 48 USC § 1421g(d)(1).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007   Document 1   Filed 03/25/26   Page 2 of 20

abundance of caution advertised the need for substitute counsel and filed a Notice of Compliance with the Supreme Court of Guam, although not directed by that Court, alerting that no member of the Guam Bar Association had entered an appearance. To date, the Court has not ruled on the Notice of Compliance or issued any further orders. The People have no adequate remedy at law. Consequently, the People of Guam implore this Court to issue the writ of prohibition[2] against the Supreme Court of Guam to avert this grave miscarriage of justice.

## II.

## JURISDICTION

1. The action arises under the Constitution of the United States, Article IV, Section 3, Clause 2; U.S.C., Title 28, §§ 1331, 1651(a), 2283; and U.S.C., Title 48, § 1424, as hereinafter more fully appears.

2. 28 U.S.C. § 1331 reads: "The district courts shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States."

3. 28 U.S.C. § 1651(a) reads: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

4. 48 U.S.C. § 1424(c) reads: "In addition to the jurisdiction described in subsection (b), the District Court of Guam shall have original jurisdiction in all other causes in Guam, jurisdiction over which is not then vested by the legislature in another court or other courts established by it. In causes brought in the district court solely on the basis of this subsection, the district court shall be considered a court established by the laws of Guam for the purpose of determining the requirements of indictment by grand jury or trial by jury."

---

[2]*In Agana Bay Development Co. (Hong Kong) LTD, v, Supreme Court of Guam*, District Court of Guam Case No.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **3** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007   Document 1   Filed 03/25/26   Page 3 of 20

## III.

## PARTIES

5.    The 1950 Organic Act of Guam (48 U.S.C. § 1421 *et. seq.*) defines the PEOPLE OF GUAM (the "**People**") in the context of a Bill of Rights, granting, as it pertains to this filing, the right "to petition the government for a redress of grievances."  See 48 U.S.C. § 1421b(a)[3].  The People also have the right to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States.  *See* 48 U.S.C. § 1421b(u).

6.    The concept of the "People of Guam" can best be described as an artificial person, in contrast to a natural person, who act through their democratically-elected Attorney General to prosecute criminals.  *See* 5 G.C.A. §§ 30104 and 30109(a).[4]  Accordingly, constitutional notice requires service on their agent and, where as in this case, that legal representative has been disqualified, failure to provide for replacement counsel constitutes a due process violation.

7.    THE SUPREME COURT OF GUAM is "the highest court of the judicial branch of Guam (excluding the District Court of Guam)."  *See* 48 U.S.C. § 1424-1; 7 G.C.A. § 3102.  It is vested with exclusive jurisdiction over "all appeals arising from judgments, final decrees, or final orders of the Superior Court in criminal cases."  *See* 7 G.C.A. § 3107(b).

8.    PETITIONER DOUGLAS MOYLAN is the duly, democratically-elected Attorney General of Guam, an Office created in 1998 by the United States Congress in 48 U.S.C. § 1421g(d) which designates the officeholder as the "Chief Legal Officer of the Government of

---

74-177 (Sept. 25, 1974) (writ of prohibition issued to the Supreme Court of Guam).

[3] "No law shall be enacted in Guam respecting an establishment of religion or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition the government for a redress of their grievances."

[4] The People are the most important political entity in Guam.  *See* 4 G.C.A. § 400 (vested with ultimate "political authority.").  In recognition of that power, the Guam Legislature enacts laws on behalf of the People of Guam.  *See* 2 G.C.A. § 2101.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **4** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 4 of 20

Guam." *See* 48 U.S.C. § 1421g(d)(1).

9. In 1998 the United States Congress amended the 1950 Organic Act by authorizing the Legislature of Guam to make the Attorney General an elected position. *See* 48 U.S.C. § 1421g(d)(2) ("Instead of an appointed Attorney General, the legislature may, by law, provide for the election of the Attorney General of Guam by the qualified voters of Guam in general elections after 1998 in which the Governor of Guam is elected. The term of an elected Attorney General shall be 4 years. The Attorney General may be removed by the people of Guam according to the procedures specified in section 9BA of this Act or may be removed for cause in accordance with procedures established by the legislature in law."

10. Subsequently also in 1998, the Guam Legislature immediately established the Attorney General as an elected position. *See* 5 G.C.A. § 30101 (derived from Guam P.L. 105-291) ("The Office of the Attorney General of the government of Guam shall be administered by the Attorney General of Guam, who shall be elected by the people of Guam for a term of four (4) years.") (emphasis added by counsel).

11. On May 28, 1999, the Legislature of Guam unanimously passed Guam P.L. No. 25-44 rejecting the establishment of an Office of Public Prosecutor instead delegating the exclusive power and duty to prosecute all criminals to the Attorney General. On June 9, 1999 former Governor Carl T.C. Guiterrez signed it into law. The Legislative Findings and Intent of Guam P.L. No. 25-44 acknowledge the United States Congress' supremacy in enabling Guam legislative enactments and, concomitantly, the Guam Legislature's unqualified intent that all prosecution functions fall within the Attorney General's exclusive powers and duties:

> Section 1. Legislative Findings and Intent. *I Lihelaturan Guahan* finds that subsequent to the passage of Public Law Number 24-288, the United States Congress amended the 1950 Organic Act of Guam to allow *I Lihelaturan Guahan* to create an elected Attorney General of Guam. At

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **5** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 5 of 20

the same time, Public Law 24-288 contained a provision that the first elected Public Prosecutor would not be elected in the event that the Organic Act were amended to permit an elected Attorney General. However, the Attorney General of Guam cannot be elected until the year 2002. <u>*I Lihelaturan Guahan* finds that Guam has long been in need of an elected Attorney General, to bring accountability to the prosecution of criminals</u>. *I Lihelaturan Guahan* therefore intends that Public Law Number 24-288 be repealed and re-enacted to create an elected Attorney General of Guam.

Guam Public Law 25-44 (emphasis added by counsel).

12. Section 30104 of Chapter 5, G.C.A., states that "[t]he Attorney General shall have cognizance of all matters pertaining to public prosecution, <u>including the prosecution of any public officials</u>." 5 G.C.A. § 30104 (emphasis added by counsel).

13. Section 30109 of Chapter 5, G.C.A. states that "[t]he Attorney General is the public prosecutor and, by himself, a deputy or assistant, <u>shall</u>: (a) conduct on behalf of the government of Guam the prosecution of all offenses against the laws of Guam which are prosecuted in any of the courts of Guam, the District Court of Guam, <u>and any appeals therefrom</u>…" 5 G.C.A. § 30109(a) (emphasis added by counsel).

14. On or about August 21, 2023, a Grand Jury returned a superseding indictment charging Real Party in Interest and then-Director of Guam and Health and Social Services, ARTHUR U. SAN AGUSTIN, with fifteen (15) felony counts of tampering with public records relating to sanitary permits issued to several schools, two misdemeanor counts of obstructing governmental functions, and two counts of misdemeanor counts of official misconduct. *See* Superseding Grand Jury Indictment (Aug. 21, 2023) (copy appended as **Exhibit A**).

15. On or about July 3, 2023, a Grand Jury returned an indictment charging Real Party in Interest and then-Chief Environmental Health Officer, Department of Public Health and Social Services, MASATOMO NADEAU, with one (1) misdemeanor count of obstructing

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007   Document 1   Filed 03/25/26   Page 6 of 20

governmental functions and one (1) misdemeanor count of official misconduct relating to the same operative facts underlying the San Agustin charges. *See* Original Grand Jury Indictment (July 3, 2023) (copy appended as **Exhibit A**).

## IV.

## SUPREME COURT OF GUAM ORDER REQUIRING ISSUANCE OF WRIT OF PROHIBITION

16. The Supreme Court of Guam acted without jurisdiction when it failed to appoint "conflict-free substitute counsel" to represent the People of Guam once it disqualified their democratically-chosen attorney and his entire office, the Office of the Attorney General of Guam, from representing them in *The People of Guam v. Arthur U. San Agustin and Masatomo Nadeau*, Supreme Court of Guam Case No. CRA24-023, which case was an appeal from the dismissal of a criminal indictment of the named defendants in Superior Court of Guam Criminal Case No. CF0446-23:

> "Consistent with that rationale and this court's inherent authority to regulate practice and enforce compliance with its orders, this Court PROSPECTIVELY CONDITIONS any further proceedings related to this appeal on the appearance of conflict-free substitute counsel. Any petition for rehearing due February 12, 2026, and any other filings on behalf of the People, must be filed by conflict-free counsel not subject to the Superior Court's disqualification order."

> "If a petition for rehearing or any other filing is submitted by the OAG while the Superior Court's disqualification order remains in effect, this court will strike and will not entertain further filings from disqualified counsel. Guam R. App. P. 27(a), 32; *see* 48 U.S.C.A. § 1424-1(a)(6); 7 GCA § 3108(c)(2)."

Supreme Ct. Guam Order (Feb. 4, 2026) at 3 (copy appended as **Exhibit B**); *See Territory of Guam v. Olsen,* 431 U.S. 195 (1977).

17. The Supreme Court of Guam violated the People's fundamental federal ("United

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 7 of 20

States") due process notice, and right of redress and petition rights by not appointing or otherwise tasking anyone with the appointment of "conflict-free substitute counsel," although it granted the People time to file a motion for rehearing from their dismissal of appeal:

> "Having reviewed the parties' submissions and considering the procedural posture of this appeal – including that the appeal has already been dismissed by judgment entered January 15, 2026 – the court DENIES the People's request for a 30-day extension [People's Motion for Extension of Time to File a Petition for Rehearing] to March 3, 2026. The court nevertheless finds it appropriate, in the exercise of its discretion under GRAP 30, to allow a short additional period beyond the February 4, 2026, deadline previously set by the court. See Order at 1-2 (Jan. 29, 2026). Accordingly, the court EXTENDS the People's time to file any petition for rehearing to Thursday, February 12, 2026. No further extension will be granted."

Supreme Ct. Guam Order (Feb. 4, 2026) at 2 (copy appended as **Exhibit B**); *See Territory of Guam v. Olsen,* 431 U.S. 195 (1977).

# V.

# PROCEDURAL BACKGROUND

18.   On July 1, 2024 the Superior Court of Guam disqualified Petitioner Attorney General of Guam and the entire Office of the Attorney General of Guam from representing the People of Guam:

> Based on the Court's analysis and conclusion that the Office of the Attorney General's continued representation in this case will violate GRPC 1.7 and that the conflict of interest had not been mitigated by the imposition of an effective conflict wall; the Court finds, consequently, that the Government of Guam must secure the services of a special prosecutor to handle this matter and independent from the supervision and/or oversight of the Office of the Attorney General. **WHEREFORE, IT IS HEREBY ORDERED**, that the appointment of a special prosecutor be made within thirty (30) days of the filing of this Order or the matter will be dismissed in its entirety.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **8** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 8 of 20

Superior Ct. Guam Order (Jul. 1, 2024) at 23. (copy appended as **Exhibit C**) (bolded in original).

19. On October 18, 2024 the Superior Court of Guam entered an Order of Dismissal with prejudice predicated on the July 1, 2024 Order disqualifying Petitioner Attorney General and the entire Office of the Attorney General:

> The People failed to comply with the Court's orders to appoint a special prosecutor within thirty (30) days of the Decision and Order on the Motions to Reconsider. While the People did file a Verified Petition for Permission to Appeal with the Supreme Court of Guam on October 4, 2024, the People did not file a Motion to Stay the Order to appoint a special prosecutor. Therefore, based on the People's failure to adhere to the aforementioned order, the Court dismisses this case with prejudice. **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**: 1. That the above-captioned matter be **DISMISSED WITH PREJUDICE**. 2. That any release conditions currently placed on all Defendants be **VACATED**."

Superior Ct. Guam Order (Oct. 18, 2024) at 23. (copy appended as **Exhibit D**) (bolded in original).

20. The Superior Court of Guam's jurisdiction does not extend to appeals where the Supreme Court of Guam has exclusive jurisdiction. *See* 7 G.C.A. § 3105[5]; *see also* 48 U.S.C. § 1424-1(d) ("…jurisdiction subject to the exclusive or concurrent jurisdiction conferred on the District Court of Guam under section 1424 of this title.").

21. Pursuant to 8 G.C.A. §§ 130.20(a)(5) and 130.40, the People of Guam through its chosen attorney (Attorney General) filed a timely Notice of Appeal to the Supreme Court of Guam from the Superior Court's "October 18, 2024 Order for Dismissal entered in this matter, which dismissed this case with prejudice for lack of appointment of a special prosecutor after disqualification of the entire Office of the Attorney General as the People of Guam's elected

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **9** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007   Document 1   Filed 03/25/26   Page 9 of 20

public prosecutor." Superior Court of Guam (Notice of Appeal) at 1-2. Section 130.20(a)(5) states that the government may appeal "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy …" *See People v. Superior Court (Bruneman),* 1998 Guam 24, ¶ 9, *People v. Pak*, 1998 Guam 27, ¶ 6.

22. On January 15, 2026 the Supreme Court of Guam dismissed the appeal, noting that they did "not reach San Agustin and Nadeau's alternative request to disqualify the OAG or otherwise address the underlying disqualification issues." Supreme Ct. Guam Order (Jan. 15, 2026) at 3 (copy appended as **Exhibit E**).

23. On the same date, the Clerk of Court for the Supreme Court of Guam issued the Judgment dismissing the appeal. Supreme Ct. Guam Judgment (Jan. 15, 2026) (copy appended as **Exhibit F**).

24. On January 28, 2026 the People of Guam filed a Motion for Extension of Time to File a Petition for Rehearing filed on behalf of Plaintiff-Appellant People of Guam together with an Application to Shorten Time.

25. On January 29, 2026 Chief Justice Katherine A. Maraman granted the Application to Shorten Time and set a briefing schedule. The Court also tentatively extended the deadline to file a motion for rehearing until February 4, 2026.

26. On February 2, 2026 Defendant-Appellees each filed their oppositions to the People's Motion for Extension of Time to File a Petition for Rehearing.

27. On the same date, Defendant-Appellee San Agustin filed a Second Motion to Disqualify Office of the Attorney General urging the Court to adopt the reasoning in an Order entered in *People v. Sablan, et. al.*, Supreme Court Case No. CRA2024-24. Supreme Ct. Guam

---

[5] "The Superior Court shall have original jurisdiction over all causes of action, and, except for those causes

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **10** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007     Document 1     Filed 03/25/26     Page 10 of 20

Order (Jan. 15, 2026) in *Sablan* at 3-4 ("…we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel…out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect."). (copy appended as **Exhibit G**).

28. On February 3, 2026 the People of Guam filed their replies to the Defendants-Appellees' respective oppositions to People's Motion for Extension of Time to File a Petition for Rehearing.

29. On February 4, 2026 the Supreme Court of Guam adopted the reasoning in an Order entered in *People v. Sablan, et. al.*, Supreme Court Case No. CRA2024-24. Supreme Ct. Guam Order (Jan. 15, 2026) in *Sablan* at 3-4 ("…we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel…out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect.").

30. The Supreme Court of Guam then disqualified the People's democratically-elected Attorney General of Guam from representing his client, the People of Guam, expressly threatening that any further filings by the Attorney General on behalf of the People would be stricken.  Yet, the Supreme Court of Guam granted the People of Guam until February 12, 2026 to file a Motion for Rehearing by "conflict-free substitute counsel."  Supreme Ct. Guam Order (Feb. 4, 2026) at 3 (copy appended as **Exhibit B**).  The Order does not direct anyone to appoint the "conflict-free substitute counsel."  The People of Guam are a non-corporeal, collective entity.

31. On February 12, 2026 the Office of the Attorney General filed its Notice of

exclusively vested in the Supreme Court, may have appellate jurisdiction as may be provided by the Legislature."
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Compliance with Order of February 4, 2026, noting that "[o]n February 6, 2026, the AG's Office sent a mass electronic mailing to all Guam Bar members soliciting their appearance on behalf of the People of Guam in this case by the close of day on Monday, February 9, 206. *See* Exhibit A. On February 20, 2026, it extended the response deadline to the close of day on February 11, 2026. *See* **Exhibit B**. To date, no Guam Bar members have contacted the AG's Office to enter this appearance as conflict-free substitute counsel on behalf of the People of Guam in this case." Supreme Ct. Guam Notice (copy appended as **Exhibit H**).

32. To date, the Supreme Court of Guam has not ruled on the Notice of Compliance or entered any further orders.

# VI.

# CONSTITUTIONAL AND ORGANIC ACT VIOLATIONS

(1)

33. The February 4, 2026 Order violates the People of Guam's rights under the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and 48 U.S.C. § 1421b(a) because, after disqualifying the Attorney General, *it failed to provide for the appointment of "conflict-free substitute counsel"* who could file the motion for rehearing they had authorized to be filed thus unconstitutionally depriving the People of Guam of the statutory right to appeal the Superior Court of Guam's Decision and Order. *See* U.S. Const. amend XIV § 1[6]; *see also* 48 U.S.C. §§ 1421b(u)[7] and 48 U.S.C. §

---

[6] "No state shall make or enforce any law which shall abridge the privileges and immunities of the citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[7] "The following provisions of and amendments to the Constitution of the United States are hereby extended to Guam … and shall have the same force and effect there as in the United States or in any State of the United States: article I, section 9, clauses 2 and 3; article IV, section 1 and section 2, clause 1; the first to ninth amendments inclusive; the thirteenth amendment; the second sentence of section 1 of the fourteenth amendment; and the

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **12** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 12 of 20

1421b(a).

34. "…where a state statute grants [the constitutional right to appellate review], it becomes a matter of federal concern under the equal protection clause of the Fourteenth Amendment, requiring uniformity of opportunity to appeal. [U.S. Supreme Court decisions omitted]." *Sierra Melendez v. Rivera Brenes*, 331 F. Supp. 898, 900-901 (D. Puerto Rico 1971).

35. The People of Guam appealed pursuant to 8 G.C.A. §§ 130.20(a)(5) and 130.40 and that legislative statute must be interpreted consistent with the due process clause and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

(2)

36. The February 4, 2026 Order violates the People of Guam's rights under the due process clause of the Fourteenth Amendment of the United States Constitution and 48 U.S.C. § 1421b(a) because, after disqualifying the Attorney General, *it failed to give the People of Guam effective constitutional notice of the disqualification of their counsel and to provide them with a means of securing "conflict-free substitute counsel"* who could file the motion for rehearing they had authorized to be filed thus unconstitutionally depriving the People of Guam of the (federal) statutory right to appeal the Superior Court of Guam's Decision and Order. *See* U.S. Const. amend XIV § 1[8]; *see also* 48 U.S.C.A. §§ 1421b(u) and 1421b(a).

37. In addition, it effectively prevents the People of Guam from filing a petition for writ

---

fifteenth and nineteenth amendments. All laws enacted by Congress with respect to Guam and all laws enacted by the territorial legislature of Guam which are inconsistent with the provisions of this subsection are repealed to the extent of such inconsistency."

[8] "No state shall make or enforce any law which shall abridge the privileges and immunities of the citizens of the United States; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **13** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 13 of 20

of certiorari to the Supreme Court of the United States inasmuch as the Attorney General of Guam was prohibited under pain of sanctions from lodging any further filings and the "People of Guam" are not natural persons. *See* Supreme Ct. Guam Order (Feb. 4, 2026) at 3 (copy appended as **Exhibit B**); *see also* 48 U.S.C. § 1424-2 (authorizes the filing of a petition for writ of certiorari from the Supreme Court of Guam to the Supreme Court of the United States within 90 days).

38. The Supreme Court of Guam disqualified the Attorney General of Guam pursuant to 48 U.S.C.A. § 1424-1(a)(6), which authorizes them to "make and promulgate rules governing the administration of the judiciary and the practice and procedure in the courts of the judicial branch of Guam." *Id.*

39. The Guam Supreme Court did <u>not</u> base its decision to disqualify the Attorney General of Guam in the appeal on the disqualification order entered below by the Superior Court (we do "not reach San Agustin and Nadeau's alternative request to disqualify the OAG or otherwise address the underlying disqualification issues." Supreme Ct. Guam Order (Jan. 15, 2026) at 3 (copy appended as **Exhibit E**). Instead, it adopted the reasoning in an Order entered in *People v. Sablan, et. al.*, Supreme Court Case No. CRA2024-24. Supreme Ct. Guam Order (Jan. 15, 2026) in *Sablan* at 3-4 ("…we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel…out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect."). (copy appended as **Exhibit B**). The Guam Supreme Court refused to entertain either the Attorney General of Guam nor the People of Guam's appeal of the Superior Court of Guam's decision disqualifying Attorney General and dismissing the criminal case.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **14** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007   Document 1   Filed 03/25/26   Page 14 of 20

40. The Supreme Court of Guam did *not* cite 48 U.S.C. § 1424-1(a)(7), which governs "attorney and judicial ethics and the practice of law in Guam," as authority for its decision to disqualify the Attorney General of Guam. This is significant because Guam's appellate court did not find that the Attorney General of Guam violated any ethical rules. In the absence of an ethical violation, the Supreme Court acted outside the scope of its jurisdiction by removing the People of Guam's duly elected Public Prosecutor.

# VII.

# WRIT OF PROHIBITION

41. All above allegations are incorporated in full.

42. The Guam Supreme Court acted outside the scope of its jurisdiction inasmuch as the Order violates fundamental federal (United States) rights and Organic Act rights when it did not allow for a duly filed appeal of a Superior Court of Guam decision, nor provide effective notice or provide for the substitution of "conflict-free substitute" counsel to the Attorney General's client.

43. The Order deprives the People of Guam of their statutory right to appeal and further prevents the filing of a Petition for Certiorari to the Supreme Court of the United States. Further, the Order deprives the Attorney General of the right of appeal to defend his remaining as counsel to the client that selected him as their attorney for a term of four (4) years.

44. Respondent is now and at all times mentioned in this petition has been a court exercising judicial functions in connection with the aforesaid appeal.

45. Criminal Defendants-Appellees in the aforesaid appeal are named in this petition as Real Parties in Interest.

46. Respondent Supreme Court of Guam was established by the U.S. Congress' Organic

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **15** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 15 of 20

Act of Guam and Guam statutes promulgated therefrom.

47. Respondent's disqualification of the Attorney General of Guam, also a duly created U.S. Congress position, from further representation of his client, the People of Guam, exceeded the jurisdiction granted to the Guam Supreme Court pursuant to the Organic Act and Guam statutes promulgated therefrom. Further, it is inconsistent with the provisions of the Constitution of the United States, the 1950 Organic Act of Guam, and the other laws of the United States applicable to Guam.

48. Respondent threatens to and will unless restrained and prohibited by order of this Court prevent the People of Guam from further advancing their appellate rights before the Supreme Court of Guam and the Supreme Court of the United States, and the action threatened to be taken is without and in excess of the jurisdiction of Respondent because of the aforesaid inconsistency with the provisions of the Constitution of the United States, the 1950 Organic Act of Guam, and the other laws of the United States applicable to Guam.

49. Petitioner has no plain, speedy or adequate remedy at law other than the relief sought in this petition.

50. In addition to the aforesaid matters, it is proper and necessary that a writ issue from this Court, because the issues involved are of great public importance and interest, especially considering the protection provided to the People under the enforcement of criminal laws; their speedy determination is of the utmost importance; and they present unique questions of law.

50. The actions by Respondent and the fact that no attorney responded to take over the Attorney General's job to represent the People of Guam in this government corruption criminal case effectively deprived the People of Guam of the criminal protections mandated by the Legislature of Guam in passing the respective criminal statutes. In addition, the structure of

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **16** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007    Document 1    Filed 03/25/26    Page 16 of 20

government and administration of justice set forth by the U.S. Congress has effectively been undermined in the manner in which Respondent acted requiring a writ to timely issue.

# VIII.
# PRAYER

**WHEREFORE** the PEOPLE OF GUAM respectfully demand that an alternative writ of prohibition issue under the seal of this Court commanding Respondent to desist and refrain from taking any further action or proceedings in the aforesaid appeal until further order of this Court and directing and requiring Respondent to show cause why it should not be absolutely and forever restrained and prohibited from frustrating the PEOPLE OF GUAM and the ATTORNEY GENERAL OF GUAM's appellate rights guaranteed by the U.S. Congress *vis-à-vis* the U.S. Constitution, the 1950 Organic Act of Guam, and Guam statute; that on the return of said writ and the hearing on said order to show cause a peremptory writ of prohibition issue under the seal of this Court restraining and prohibiting respondent court absolutely and forever from frustrating the PEOPLE OF GUAM's appellate rights guaranteed by the U.S. Congress *vis-à-vis* the U.S. Constitution, the 1950 Organic Act of Guam, and Guam statute; and that the Court grant such other relief as may be just and proper.

**Respectfully submitted** this 25th day of March, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**

**GONZALO A. GAYOSO**
Deputy Attorney General

Page **17** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

# VERIFICATION

*Hagåtña,* Guam) ss.:

I, Douglas B. Moylan, Attorney General of Guam, being first duly sworn, depose and say, I am making this verification on petitioner's behalf of the People of Guam; I make this verification for the further reason that the facts set forth in the foregoing verified petition for writ of prohibition are within my knowledge and I am familiar with said facts; I have read said verified petition and know the contents thereof; and said petition is true of my own knowledge.

**DOUGLAS B. MOYLAN**
Attorney General of Guam

**Subscribed and sworn** to before me this 25th day of March, 2026:

**NOTARY PUBLIC**



**DANIELLE B. TENORIO-BALBAS**
**NOTARY PUBLIC**
In and for the Territory of Guam, U.S.A.
My Commission Expires: MARCH 28, 2026
P.O. BOX 271 Hagåtña GU 96932

Page 18 of 20
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and that the following parties or their counsels of record will be served electronically and by hand delivery:

**CHIEF JUSTICE KATHERINE A. MARAMAN**
Supreme Court of Guam
Ste 300 Guam Judicial Center
120 West O'Brien Drive
*Hagåtña*, Guam 96910-5174
e-file@guamsupremecourt.com

**ASSOCIATE JUSTICE ROBERT J. TORRES, JR.**
Supreme Court of Guam
Ste 300 Guam Judicial Center
120 West O'Brien Drive
*Hagåtña*, Guam 96910-5174
e-file@guamsupremecourt.com

**ASSOCIATE JUSTICE F. PHILIP CARBULLIDO**
Supreme Court of Guam
Ste 300 Guam Judicial Center
120 West O'Brien Drive
*Hagåtña*, Guam 96910-5174
e-file@guamsupremecourt.com

**HANNAH GUTIERREZ ARROYO**
Clerk of the Supreme Court of Guam
Ste 300 Guam Judicial Center
120 West O'Brien Drive
*Hagåtña*, Guam 96910-5174
hgutierrezarroyo@guamcourts.gov
justice@guamcourts.gov

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**WILLIAM B. BRENNAN, ESQ.**
ARRIOLA LAW FIRM, LLC
259 Martyr Street, Suite 201
*Hagåtña*, Guam 96910
attorneys@arriolafirm.com
Attorneys for Defendant-Appellee ARTHUR U. SAN AGUSTIN

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **19** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007

Case 1:26-cv-00007   Document 1   Filed 03/25/26   Page 19 of 20

**G. PATRICK CIVILLE, ESQ.**
CIVILLE & TANG, PLLC
330 Hernan Cortez Avenue, Suite 200
*Hagåtña*, Guam 96910
pciville@civilletang.com
Attorney for Defendant-Appellee MASOTOMO NADEAU

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General of Guam**

**GONZALO A. GAYOSO**
Deputy Attorney General

Page **20** of **20**
*Verified Petition for Writ of Prohibition*
District Court of Guam Case No. 1:26-cv-00007