# EXHIBIT A

FILED
SUPERIOR COURT
OF GUAM

2023 JUL -3 PM 6: 54

CLERK OF COURT
BY:

Office of the Attorney General
**Douglas B. Moylan**
**Attorney General of Guam**
Government Corruption Division
590 S. Marine Corps Drive
ITC Bldg., Ste. 901 • Tamuning, Guam 96913 • USA
671-475-3406 • 671-477-3390 (fax)
efile@oagguam.org • www.oagguam.org

Prosecutors for the People of Guam

# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF**CF 0 4 4 6 - 23** |
|---|---|---|
| | ) | |
| | ) | Charges: |
| vs. | ) | |
| | ) 1) | **TAMPERING WITH PUBLIC RECORDS** |
| **ARTHUR U. SAN AGUSTIN,** | ) | (*Five Counts*) |
| (DOB: Unknown) | ) | (As a 2nd Degree Felony) |
| | ) | **Special Allegation:** |
| | ) | *Crime Against the Community* |
| | ) 2) | **OBSTRUCTING GOVERNMENTAL** |
| | ) | **FUNCTIONS** |
| | ) | (As a Misdemeanor) |
| | ) | **Special Allegation:** |
| | ) | *Crime Against the Community* |
| | ) 3) | **OFFICIAL MISCONDUCT** |
| | ) | (As a Misdemeanor) |
| | ) | **Special Allegation:** |
| | ) | *Crime Against the Community* |
| | ) | |
| **MASATOMO NADEAU,** | ) 4) | **OBSTRUCTING GOVERNMENTAL** |
| (DOB: Unknown) | ) | **FUNCTIONS** |
| | ) | (As a Misdemeanor) |
| | ) | **Special Allegation:** |
| | ) | *Crime Against the Community* |
| | ) 5) | **OFFICIAL MISCONDUCT** |
| | ) | (As a Misdemeanor) |
| | ) | **Special Allegation:** |
| Defendants. ) | | *Crime Against the Community* |
| | ) | |

Page 1 of 6
Indictment / People v. San Agustin, et al. / CF___

## INDICTMENT

THE SUPERIOR COURT OF GUAM GRAND JURY HEREBY CHARGES:

## FIRST CHARGE

### (Count One)

On or about June 30, 2021, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 210002735 issued to Department of Education – Simon Sanchez High School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

### (Count Two)

On or about June 30, 2021, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 210002733 issued to Department of Education – George Washington High School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

//
//
//

Page 2 of 6
Indictment / People v. San Agustin, et al. / CF___

## SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services, did** knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

### (Count Three)

On or about June 30, 2021, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of **Tampering With Public Records (As a 3rd Degree Felony)** in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., **Sanitary Permit No. 210002736 issued to Department of Education – Southern High School**, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

## SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

### (Count Four)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of **Tampering With Public Records (As a 3rd Degree Felony)** in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., **Sanitary Permit No. 220003127 issued to Department of Education – George Washington High School**, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

//
//
//

Page 3 of 6
Indictment / People v. San Agustin, et al. / CF___

## SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

### (Count Five)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003130 issued to Department of Education – Simon Sanchez High School,* or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

## SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## SECOND CHARGE

On or about June 30, 2021 to present, inclusive, in Guam, **ARTHUR R. SAN AGUSTIN, as Director of the Guam Department of Public Health and Social Services,** did commit the offense of *Obstructing Governmental Functions (As a Misdemeanor),* in that he intentionally obstructed, impaired, or perverted the administration of law or other governmental function by breach of official duty, in violation of 9 GCA § 55.45.

//
//
//
//
//

Page 4 of 6
Indictment / People v. San Agustin, et al. / CF___

## SPECIAL ALLEGATION
### *Crime Against the Community*

On or about the period between June 30, 2021 to present, inclusive, **ARTHUR R. SAN AGUSTIN, Director of the Guam Department of Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## THIRD CHARGE

On or about the period between June 30, 2021 to present, inclusive, in Guam, **ARTHUR R. SAN AGUSTIN, Director of the Guam Department of Public Health and Social Services**, did commit the offense of *Official Misconduct (As a Misdemeanor),* in that, with intent to benefit himself or another person or to deprive another person of a benefit, he knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, in violation of 9 GCA § 49.90(b).

## SPECIAL ALLEGATION
### *Crime Against the Community*

On or about the period between June 30, 2021 to present, inclusive, **ARTHUR R. SAN AGUSTIN, as Director of the Guam Department of Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## FOURTH CHARGE

On or about June 30, 2021 to present, inclusive, in Guam, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services**, did commit the offense of *Obstructing Governmental Functions (As a Misdemeanor),* in that he intentionally obstructed, impaired, or perverted the administration of law or other governmental function by breach of official duty, in violation of 9 GCA § 55.45.

//
//
//
//

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 6 of 76

On or about the period between June 30, 2021 to present, inclusive, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## FIFTH CHARGE

On or about the period between June 30, 2021 to present, inclusive, in Guam, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services,** did commit the offense of *Official Misconduct (As a Misdemeanor),* in that, with intent to benefit himself or another person or to deprive another person of a benefit, he knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, in violation of 9 GCA § 49.90(b).

*SPECIAL ALLEGATION*
*Crime Against the Community*

On or about the period between June 30, 2021 to present, inclusive, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

JUL 0 3 2023

Dated this _____ day of _____, 2023.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

**A TRUE BILL**

GLORIA ANN L. RUDOLPH
Assistant Attorney General, Government Corruption Division

FOREMAN FOR THE GRAND JURY

Page 6 of 6
Indictment / People v. San Agustin, et al. / CF___

FILED
SUPERIOR COURT
OF GUAM

2023 JUL -5 AM 9: 27

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM**

**CRIMINAL CASE No.:CF0446-23**

**Vs.**

**SUMMONS**

**MASATOMO NADEAU,**

**Defendant**

TO: **MASATOMO NADEAU**
**DOB; Unknown**

You are hereby summoned to appear **IN PERSON** before the **HONORABLE BENJAMIN C. SISON, JR., MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM,** 132 West Marine Corps. Drive, Northern Court Satellite Dededo, Guam on **July 26, 2023 at 10:00 a.m.,** to answer to the charge(s) contained in the **INDICTMENT,** a copy of which is attached hereto.

Date; July 5, 2023

Sophia Santos Diaz
Clerk of Court,
Superior Court of Guam

By: ___Jacob Unchangco___
Deputy Clerk

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy
of the original was e-mailed to;
  AG

Date 7-5- 2023 Time_____
  Jacob Unchangco
  Deputy Clerk

**RECEIVED FOR SERVICE:**

Date:_____ Time:_____

_____
Deputy Marshal, Superior Court of Guam

Office of the Attorney General
**Douglas B. Moylan**
**Attorney General of Guam**
Government Corruption Division
590 S. Marine Corps Drive
ITC Bldg., Ste. 901 • Tamuning, Guam 96913 • USA
671-475-3406 • 671-477-3390 (fax)
efile@oagguam.org • www.oagguam.org

Prosecutors for the People of Guam

FILED
SUPERIOR COURT
OF GUAM

2023 AUG 21  PM 2:38

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0446-23 |
| | Charges: |
| vs. | |
| **ARTHUR U. SAN AGUSTIN,** | 1) **TAMPERING WITH PUBLIC RECORDS** *(Fifteen Counts)* (As a 3rd Degree Felony) **Special Allegation:** *Crime Against the Community* |
| (DOB: 01/01/1965) | |
| | 2) **OBSTRUCTING GOVERNMENTAL FUNCTIONS** (As a Misdemeanor) **Special Allegation:** *Crime Against the Community* |
| | 3) **OFFICIAL MISCONDUCT** (As a Misdemeanor) **Special Allegation:** *Crime Against the Community* |
| **MASATOMO NADEAU,** | 4) **OBSTRUCTING GOVERNMENTAL FUNCTIONS** (As a Misdemeanor) **Special Allegation:** *Crime Against the Community* |
| (DOB: 10/24/1968) | |
| | 5) **OFFICIAL MISCONDUCT** (As a Misdemeanor) **Special Allegation:** *Crime Against the Community* |
| Defendants. | |

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 9 of 76

## SUPERSEDING INDICTMENT

THE SUPERIOR COURT OF GUAM GRAND JURY HEREBY CHARGES:

### FIRST CHARGE

#### (Count One)

On or about June 30, 2021, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 210002735 issued to Department of Education – Simon Sanchez High School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

#### SPECIAL ALLEGATION
#### *Crime Against the Community*

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

#### (Count Two)

On or about June 30, 2021, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 210002733 issued to Department of Education – George Washington High School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

#### SPECIAL ALLEGATION
#### *Crime Against the Community*

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1)

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 10 of 76

doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## (Count Three)

On or about June 30, 2021, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 210002736 Issued to Department of Education – Southern High School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## (Count Four)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003106 Issued to Department of Education – P.C. Lujan Elementary School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 11 of 76

(<em>Count Five</em>)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of ***Tampering With Public Records (As a 3rd Degree Felony)*** in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., ***Sanitary Permit No. 220003111 issued to Department of Education – D.L. Perez Elementary School***, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

***SPECIAL ALLEGATION***
***Crime Against the Community***

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

(<em>Count Six</em>)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of ***Tampering With Public Records (As a 3rd Degree Felony)*** in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., ***Sanitary Permit No. 220003107 issued to Department of Education – Capt. H.B. Price Elementary School***, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

***SPECIAL ALLEGATION***
***Crime Against the Community***

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//

Case 1:26-cv-00007   Document 1-2   Filed 03/25/26   Page 12 of 76

(*Count Seven*)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003123 issued to Department of Education – Jose Rios Middle School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

***SPECIAL ALLEGATION***
***Crime Against the Community***

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

(*Count Eight*)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003110 issued to Department of Education – Wettengel Elementary School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

***SPECIAL ALLEGATION***
***Crime Against the Community***

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//
//
//

Case 1:26-cv-00007   Document 1-2   Filed 03/25/26   Page 13 of 76

(*Count Nine*)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003125 issued to Department of Education – Oceanview Middle School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

**SPECIAL ALLEGATION**
**Crime Against the Community**

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

(*Count Ten*)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003117 Issued to Department of Education – Agueda I. Johston Middle School*, or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

**SPECIAL ALLEGATION**
**Crime Against the Community**

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//
//
//

Case 1:26-cv-00007   Document 1-2   Filed 03/25/26   Page 14 of 76

*(Count Eleven)*

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, *i.e., Sanitary Permit No. 220003100 issued to Department of Education – J.Q. San Miguel Elementary School,* or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

*(Count Twelve)*

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, *i.e., Sanitary Permit No. 220003098 issued to Department of Education – Juan M. Guerrero Elementary School,* or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//
//
//

Superseding Indictment / People v. San Agustin, et al. / CF0446-23

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 15 of 76

(*Count Thirteen*)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003121 issued to Department of Education – F.B. Leon Guerrero Middle School,* or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### *Crime Against the Community*

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

(*Count Fourteen*)

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003116 issued to Department of Education – Adacao Elementary School* or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
### *Crime Against the Community*

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services,** did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//
//
//

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 16 of 76

*(Count Fifteen)*

On or about June 30, 2022, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did commit the offense of *Tampering With Public Records (As a 3rd Degree Felony)* in that he did knowingly, with intent to defraud or injure, make a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, i.e., *Sanitary Permit No. 220003108 issued to Department of Education – Tamuning Elementary School* or required by law to be kept by others for information of the government, in violation of 9 GCA § 55.10(a)(1)&(b).

### SPECIAL ALLEGATION
*Crime Against the Community*

On or about the period between June 30, 2022 to present, **ARTHUR U. SAN AGUSTIN, as Director of Guam Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

### SECOND CHARGE

On or about June 30, 2021 to present, inclusive, in Guam, **ARTHUR U. SAN AGUSTIN, as Director of the Guam Department of Public Health and Social Services**, did commit the offense of *Obstructing Governmental Functions (As a Misdemeanor),* in that he intentionally obstructed, impaired, or perverted the administration of law or other governmental function by breach of official duty, in violation of 9 GCA § 55.45.

### SPECIAL ALLEGATION
*Crime Against the Community*

On or about the period between June 30, 2021 to present, inclusive, **ARTHUR U. SAN AGUSTIN, Director of the Guam Department of Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//
//
//

## THIRD CHARGE

On or about the period between June 30, 2021 to present, inclusive, in Guam, **ARTHUR U. SAN AGUSTIN, Director of the Guam Department of Public Health and Social Services**, did commit the offense of *Official Misconduct (As a Misdemeanor)*, in that, with intent to benefit himself or another person or to deprive another person of a benefit, he knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, in violation of 9 GCA § 49.90(b).

### *SPECIAL ALLEGATION*
### *Crime Against the Community*

On or about the period between June 30, 2021 to present, inclusive, **ARTHUR U. SAN AGUSTIN, as Director of the Guam Department of Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

## FOURTH CHARGE

On or about June 30, 2021 to present, inclusive, in Guam, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services**, did commit the offense of *Obstructing Governmental Functions (As a Misdemeanor)*, in that he intentionally obstructed, impaired, or perverted the administration of law or other governmental function by breach of official duty, in violation of 9 GCA § 55.45.

### *SPECIAL ALLEGATION*
### *Crime Against the Community*

On or about the period between June 30, 2021 to present, inclusive, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

//
//
//
//

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 18 of 76

## FIFTH CHARGE

On or about the period between June 30, 2021 to present, inclusive, in Guam, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services**, did commit the offense of *Official Misconduct (As a Misdemeanor)*, in that, with intent to benefit himself or another person or to deprive another person of a benefit, he knowingly refrained from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office, in violation of 9 GCA § 49.90(b).

### SPECIAL ALLEGATION
### Crime Against the Community

On or about the period between June 30, 2021 to present, inclusive, **MASATOMO NADEAU, as Chief Environmental Health Officer, Division of Environmental Health, Department of Public Health and Social Services**, did knowingly take action regarding government services in such a way that: (1) doing so creates a threat to the public health and safety, in violation of 9 GCA § 43.31(a)(1).

Dated this _21st_ day of _April_, 2023.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

**A TRUE BILL**

**GLORIA ANN L. RUDOLPH**
Assistant Attorney General, Government Corruption Division

FOREMAN FOR THE GRAND JURY

Page 11 of 11
Superseding Indictment / People v. San Agustin, et al. / CF0446-23

Case 1:26-cv-00007   Document 1-2   Filed 03/25/26   Page 19 of 76

# EXHIBIT B

**Filed**

Supreme Court of Guam, Clerk of Court

## IN THE SUPREME COURT OF GUAM

PEOPLE OF GUAM,

        Plaintiff-Appellant,

vs.

ARTHUR U. SAN AGUSTIN and
MASATOMO NADEAU,

        Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

Supreme Court Case No. CRA24-023
Superior Court Case No. CF0446-23


**ORDER**

This matter comes before the court upon the Motion for Extension of Time to File a Petition for Rehearing filed on behalf of Plaintiff-Appellant People of Guam ("People") by the Office of the Attorney General ("OAG") on January 28, 2026. The OAG requested a 30-day extension of time to "consider, consult with legal constitutional experts, research, and brief the novel issues" it claims arise from this court's dismissal order. Mot at 2 (Jan. 28, 2026). The motion referred to potential Organic Act questions, the court's authority to compel appointment of substitute counsel, and related structural issues. *Id.* at 2-5. This court granted the application to shorten time and set shortened response and reply deadlines. Order at 1-2 (Jan. 29, 2026). The parties filed responses and replies as scheduled. San Agustin's Opp'n to Mot. (Feb. 2, 2026); Nadeau's Opp'n to Mot. (Feb. 2, 2026); OAG's Reply to San Agustin's Opp'n (Feb. 3, 2026); OAG's Reply to Nadeau's Opp'n (Feb. 3, 2026). San Agustin also filed a Second Motion to Disqualify the OAG in this appeal. San Agustin's Second Mot. Disqual. OAG (Feb. 2, 2026).

Guam Rule of Appellate Procedure ("GRAP") 30(a)(1) provides that "[u]nless the time is shortened or extended by order or local rule, a petition for rehearing may be filed within fourteen (14) days after entry of judgment." GRAP 30(a)(2) further requires that a petition for rehearing

**E-Received**

2/4/2026 3:46:33 PM

"state with particularity each point of law or fact which the petitioner contends the court has overlooked or misapprehended" and provides that "[a]n issue not previously briefed by the parties cannot be raised for the first time in a petition for rehearing." Guam R. App. P. 30(a)(2). This court also has authority to regulate practice and enforce compliance with its rules and orders, including by striking noncompliant filings. Guam R. App. P. 27(a), 32; *see* 48 U.S.C.A. § 1424-1(a)(6); 7 GCA § 3108(c)(2).

### 1. The People's Time to File a Petition for Rehearing is Extended to February 12, 2026, and the Request for a 30-Day Extension to March 3, 2026, is Denied

The OAG requested a 30-day enlargement to file a petition for rehearing and stated that additional time was needed "to consider, consult with legal constitutional experts, research, and brief the novel issues arising directly from the Court's decision." Mot at 2. Having reviewed the parties' submissions and considering the procedural posture of this appeal—including that the appeal has already been dismissed by judgment entered January 15, 2026—the court **DENIES** the People's request for a 30-day extension to March 3, 2026. The court nevertheless finds it appropriate, in the exercise of its discretion under GRAP 30, to allow a short additional period beyond the February 4, 2026, deadline previously set by the court. *See* Order at 1-2 (Jan. 29, 2026).

Accordingly, the court **EXTENDS** the People's time to file any petition for rehearing to **Thursday, February 12, 2026.** No further extension will be granted.

### 2. Any Future Filings Must Be Made By Conflict-Free Substitute Counsel

The Superior Court entered an order disqualifying the OAG in CF0446-23, and no stay of that order has been entered by the Superior Court or this court. Record on Appeal ("RA"), tab 230 at 1 (Dec. & Order (Mots. Disqualify, July 1, 2024)). The trial court ordered the appointment of a special prosecutor within 30 days, otherwise the case would be dismissed. *Id.* at 22-23.

Subsequently, the Superior Court dismissed the case with prejudice due to the failure to appoint a special prosecutor. RA, tab 242 at 1-2 (Order Dismiss., Oct. 18, 2024) ("The People remain unrepresented as [AG] Douglas Moylan has been disqualified and no special prosecutor has been appointed . . .").

In materially identical circumstances, this court has concluded that, where an unstayed Superior Court disqualification order remains in effect, "we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel of record in this court." *People v. Ybanez*, CRA2024-024 (Order at 3-4 (Jan. 15, 2026)). This court further concluded that, "out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect." *Id.*

Consistent with that rationale and this court's inherent authority to regulate practice and enforce compliance with its orders, this court **PROSPECTIVELY CONDITIONS** any further proceedings related to this appeal on the appearance of conflict-free substitute counsel. Any petition for rehearing due February 12, 2026, and any other filings on behalf of the People, must be filed by conflict-free counsel not subject to the Superior Court's disqualification order.

If a petition for rehearing or any other filing is submitted by the OAG while the Superior Court's disqualification order remains in effect, this court will strike the filing and will not entertain further filings from disqualified counsel. *See* Guam R. App. P. 27(a), 32; *see also* 48 U.S.C.A. § 1424-1(a)(6); 7 GCA § 3108(c)(2).

3. **San Agustin's Second Motion to Disqualify the OAG is Denied as Moot for Purposes of this Docket and in Light of the Prospective Requirement**

Because this appeal has already been dismissed by judgment entered, and because this Order prospectively requires conflict-free counsel for any further filings, the court **DENIES** San Agustin's Second Motion to Disqualify the OAG as moot without prejudice for purposes of this

Page 3 of 4

dismissed appeal. Nothing in this Order adjudicates the merits of the Superior Court disqualification ruling, which is presumed valid absent a stay and must be given effect.

Without addressing the merits of any alleged misconduct, this court **REFERS** the record of post-judgment motion practice in this appeal to the Office of Regulation Counsel for such review and action as that office deems appropriate.

**SO ORDERED** this 4th day of February, 2026.


|  |  |
| --- | --- |
| /s/ | /s/ |
| **F. PHILIP CARBULLIDO** | **ROBERT J. TORRES** |
| **Associate Justice** | **Associate Justice** |

/s/
**KATHERINE A. MARAMAN**
**Chief Justice**

Case 1:26-cv-00007   Document 1-2   Filed 03/25/26   Page 24 of 76

# EXHIBIT C

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | |
| | Case No. CF0446-23 |
| vs. | |
| ARTHUR U. SAN AGUSTIN, *et al*, | **DECISION AND ORDER**<br>**(Motions to Disqualify)** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on several dates from March 12 – 13, 15, and 18, 2024 and April 8, 2024, for an evidentiary hearing on Arthur San Augustin's ("Defendant San Augustin's") Motion to Disqualify the Office of the Attorney General (Sept. 1, 2023) and Masatomo Nadeau's ("Defendant Nadeau's") Motion to Disqualify the Office of the Attorney General and Joinder in San Augustin's Motion (Sept. 1, 2023). Deputy Attorney General Michael Tennyson ("Tennyson") and Assistant Attorney General Lewis Harley ("Harley") appeared on behalf of the People, while Attorney General Douglas Moylan ("Moylan") was disqualified from representing the People given his dual role as an advocate and witness.[1] Joaquin Arriola ("J. Arriola") and William B. Brennan ("Brennan") appeared for Defendant San Agustin and G. Patrick Civille ("Civille") appeared for Defendant Nadeau. Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** Defendants' Motions to Disqualify the Office of the Attorney General.

---

[1] *See* Dec. & Order, CF0446-23 (Mar. 29, 2024) (disqualifying Moylan under CRPC 3.7).

Decision and Order
Case No. CF0446-23, *People v. Arthur U. San Agustin*
Page 1 of 23

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 26 of 76

## BACKGROUND

On August 21, 2023, the Office of the Attorney General indicted Defendant San Augustin and Defendant Nadeau with five charges: (1) Tampering with Public Records, (2) Obstructing Government Functions, (3) Official Misconduct, (4) Obstructing Governmental Functions, and (5) Official Misconduct. Super. Indictment (Aug. 21, 2023). These charges were all brought regarding both Defendants roles in the Department of Public Health and Social Services ("DPHSS"). It is alleged that Defendant San Agustin, formally the Director of Guam DPHSS, renewed sanitary permits for several public schools without proper inspection; it is further alleged that Defendant Nadeau, as the Chief Environmental Public Health Officer of the Guam DPHSS, Division of Environmental Health, aided in this misconduct at the expense of public health. [Prop.] Findings of Facts & Conclusions of Law re: Mot. to Disqualify Off. of Att'y Gen. (Apr. 1, 2024).

On September 1, 2023, Defendant San Augustin filed a Motion to Disqualify the Office of the Attorney General. Mot. to Disqualify Off. Of Att'y Gen. (Sept. 1, 2023). On the same day, Defendant Nadeau also filed a Motion to Disqualify the Office of the Attorney General and Joinder in San Augustin's Motion. Def. Nadeau's Mot. to Disqualify Off. Of Att'y Gen. and Joinder in San Augustin's Mot. to Disqualify Off. of Att'y Gen. (Sept. 1, 2023). Defendants argue that the OAG has a disqualifying conflict of interest in this case because the criminal division of the OAG was prosecuting the Defendants while the civil division of the OAG was simultaneously advising them as clients.

On September 15, 2023, the People of Guam (the prosecutorial division of the OAG) filed an Opposition to Defendant San Augustin's Motion. People's Opp'n to Mot. to Disqualify Off. of Att'y Gen. (Sept. 15, 2023). On the same day, the People also filed an Opposition to

Defendant Nadeau's Motion. People's Opp'n to Def. Nadeau's Mot. to Disqualify Off. of Att'y Gen. (Sept. 15, 2023). Both Oppositions argue that disqualification is a drastic course of action and that the OAG's criminal division did not co-mingle with the civil division to an unethical extent. On September 22, 2023, Defendant San Augustin filed his Reply. Reply to People's Opp'n Re Mot. to Disqualify Off. of Att'y Gen. (Sept. 22, 2023). In addition, on the same day, Defendant Nadeau filed a Reply. Def. Nadeau's Reply in Supp. of Mot. to Disqualify Off. of Att'y Gen. (Sept. 22, 2023). In their Replies, Defendants reasserted their allegations of prosecutorial misconduct and requested an evidentiary hearing.

This case first came before this Court on January 16, 2024.[2] After a stipulation by the parties, the Motion to Disqualify was set to be heard on January 22, 2024. On January 19, 2024, however, the People filed a Motion for Protective Order to prevent the testimony of Attorney General ("AG") Moylan; Chief Deputy AG ("CDAG") Joseph Arthur Guthrie; Acting Chief Prosecutor Gloria Ann L. Rudolph; Deputy AG Frank Gumataotao; Investigator Maria Apuron; and former Assistant AG Sandra Miller, arguing that an evidentiary hearing would be improper and violate attorney client privilege. Mot. for Protective Order (Jan. 19, 2024). At the hearing on January 22, 2024, the parties argued the motion wherein the People pointed out that Attorney General Moylan had not been properly subpoenaed. Min. Entry at 9:15:21 AM (Hearing, Jan. 22, 2024). On January 29, 2024, Defendants filed their Oppositions. Def. Nadeau's Opp'n to People's Mot. for Protective Order (Jan. 29, 2024) and Def. Arthur U. San Agustin's Opp'n to People's Mot. for Protective Order (Jan 29, 2024). On February 2, 2024, the People filed their Reply. Reply to Opp'ns to Ex Parte Appl. for Protective Order (Feb. 2, 2024).

---

[2] The case was originally before the Honorable Alberto C. Lamorena III, who was disqualified due to his relationship with Governor Lourdes A. Leon Guerrero. Dec. & Order Granting Def.'s Renewed Statement of Obj. (Jan. 3, 2024). This case was thereafter reassigned to this Court. Notice of Judge Assignment (JCT) (Jan. 16, 2024).

Decision and Order
Case No. CF0446-23, *People v. Arthur U. San Agustin*
Page 3 of 23

With the Motion for Protective Order still pending, the People filed a new, different Motion to Strike Defendant's Submission of an Audio CD for violating Court Orders. Mem. Supp. Ex Parte Mot. to Seal & to Strike Def.'s Submission (Jan. 31, 2024). In addition, the People filed a Motion to Seal the impending evidentiary hearing given the potential violations of attorney-client privilege that might surface during testimony. Mot. to Seal Hr'g (Feb. 2, 2024). On February 5, 2024, Defendant San Augustin filed an Opposition. Def. Arthur U. San Agustin's Opp's to People's Mot. to Seal Hr'g' (Feb. 5, 2024). On the same day, Defendant Nadeau filed a Joinder in San Augustin's Opposition. Def. Nadeau's Joiner in Def. Arthur U. San Agustin's Opp's to People's Mot. to Seal Hr'g' (Feb. 5, 2024). The People did not file a Reply. At a hearing on February 6th, 2024, the Court Denied the earlier Motion for Protective Order and took the new Motions to Strike and Seal under advisement. Min. Entry at 11:22:53 AM (Hearing, Feb. 6, 2024) and Dec. & Order Denying People's Mot. for Protective Order (Feb. 14, 2024). On February 14, 2024, the Court released a decision granting the People's Motions to Seal and Strike, while also finding that AG Moylan was not properly subpoenaed. Dec. & Order Granting People's Mot. to Seal and Strike (Feb. 14, 2024).

Perhaps in anticipation of this Court's evidentiary hearing, on February 28, 2024, AG Moylan sent notices to twenty-two executive branch agencies of the Government of Guam, notifying them that Moylan was "temporarily withdrawing" from representing the agencies in a civil capacity due to a potential conflict of interest between his civil role and his role as Public Prosecutor. *See* Decl. J., CRQ24-001 at 2 (May 31, 2024). Following the notices, the Speaker of the 37th Guam Legislature called an emergency session, and the Governor called for two special sessions to address the issues that arose from the AG's withdrawals. *Id.* at 3. On March 7, 2024, Defendants properly subpoenaed AG Moylan. Subpoena. (Mar. 7, 2024).

Case 1:26-cv-00007   Document 1-2   Filed 03/25/26   Page 29 of 76

With Guam's agencies awaiting clarity regarding their potential conflict with the AG, on March 12, 2024, the sealed evidentiary hearing began, and this Court heard testimony from AG Moylan and Former AAG Jessica Toft. Before the testimony of AG Moylan, Attorney Arriola argued that Moylan should be disqualified from representing the OAG, given his dual role as an advocate and witness under CRPC 3.7. The Court took it under consideration. Min. Entry at 9:35:14 AM (Hearing, Mar. 12, 2024). Later, during the testimony of AAG Jessica Toft, before the People began their cross examination, Attorney Arriola again argued that AG Moylan should not be allowed to cross-examine Toft under CRPC 3.7. The Court agreed, granting the motion to disqualify Moylan as counsel. *Id.* at 3:13:14 PM. At the end of the day, the additional attorneys for the People, DAG Tennyson and AAG Harley, requested that Moylan be allowed to speak during the trial. The Court reiterated that AG Moylan could not question witnesses under CRPC 3.7, but Tennyson and Harley were free to quietly seek advice from Moylan during trial. *Id.* at 3:29:35 PM.

The hearing continued the next morning on March 13, 2024, and the Court heard continued testimony from Former AAG Jessica Toft and testimony from Former AAG Sandra Miller. At the start of the hearing, Attorney Arriola moved to unseal the proceedings and the Court denied the Motion. Min. Entry at 9:25:15 AM (Hearing, Mar. 13, 2024). Further, the People moved to reconsider the disqualification of AG Moylan as council, but the Court declined and reiterated that only DAG Tennyson and AAG Harley would be allowed to question witnesses during the hearing. *Id.* Later in the day, before lunch, AG Moylan argued that his disqualification handicapped the People and DAG Tennyson and AAG Harley were not prepared to advocate on the People's behalf. The Court stood by its earlier decision and told AG Moylan that he would have time to find new representation if necessary. *Id.* at 12:09:05 PM. After lunch, the

examination of Former AAG Toft ended. *Id.* at 1:50:58 PM. At this point, the examination of Former AAG Sandra Miller began, and continued until the end of the day. *Id.* at 1:55:34 PM and 4:32:11 PM.

On March 14, 2024, the Governor filed a petition with the Guam Supreme Court, requesting a declaratory judgment on several questions related to the AG's withdrawals, including whether the OAG has an attorney client relationship with the executive branch agencies subject to the Guam Rules of Professional Conduct.

On March 15, 2024, the People filed an Ex Parte Motion for Reconsideration of the Oral Motion to Disqualify AG Moylan from Representing the People at the Evidentiary Hearing. Ex Parte Mot. for Recons. of Oral Mot. to Disqualify Att'y Gen. from Representing the People at Evidentiary Hr'g (Mar. 15, 2024). The very same morning, the third day of hearings began, and the Court denied the Ex-Parte Motion. Min. Entry at 10:08:52 AM (Hearing, Mar. 15, 2024). AG Moylan then inquired whether the Court's decision would also prevent him from giving a closing argument, to which the Court responded that they had not yet decided. *Id.* at 10:09:41 AM. Finally, Attorney Anita Arriola ("A. Arriola") appeared and argued that it would be unethical for AG Moylan to give a closing argument. *Id.* at 10:09:50 AM. Attorney J. Arriola also made a standing motion to unseal the case. *Id.* at 10:16:54 AM. After this housekeeping, CDAG Joseph Arthur Guthrie began his testimony. *Id.* at 10:17:24 AM. During testimony, CDAG Guthrie entered into discovery surprise evidence that the OAG established a conflict wall with regards to the case. Attorney J. Arriola asked for a recess to make a copy and review. *Id.* at 10:27:39 AM. This testimony continued until lunch and, upon returning from lunch, the Court sent the parties home for the day, requesting that the Defendants brief their concerns against AG Moylan presenting at closing. *Id.* at 1:41:24 PM.

The fourth day of hearings took place on March 18, 2024. Again, Attorney J. Arriola made a standing Motion to Unseal the proceedings, and again, the Court denied it. Min. Entry at 10:07:00 AM (Hearing, Mar. 18, 2024). The Court heard continued testimony from CDAG Guthrie, as well as testimony from Investigator Maria Apuron and Acting Chief Prosecutor Gloria Ann L. Rudolph. *Id.* at 10:07:05 AM, 11:38:28 AM, and 2:39:05 PM. At the end of the day, regarding the disqualification of AG Moylan from closing arguments, the Court requested that Defendants file Oppositions and the People file a Reply. *Id.* at 3:44:04 PM. On March 20, 2024, the Defendants filed their Oppositions.[3] On March 22, 2024, the People filed their Reply.[4] Finally, on March 29, 2024, the Court filed, under seal, a decision and order denying the People's Motion for Reconsideration of AG Moylan's disqualification from the proceedings[5], and extended the disqualification to closing arguments. Dec. & Order Denying Mot. to Recons. (Mar. 29, 2024).

On the same day, the People filed a Proposed Findings of Fact and Conclusions of Law ("FFCL") regarding the disqualification of the entire OAG, ahead of closing arguments. [People of Guam's Prop.] Findings of Fact & Conclusions of Law re: Mot. to Disqualify the AG (Mar. 29, 2024). On April 1, 2024, Defendant San Agustin filed his Proposed FFCL. [Prop.] Findings of Facts & Conclusions of Law re: Mot. to Disqualify Off. of Att'y Gen. (Apr. 1, 2024). On the same day, Defendant Nadeau also filed a Proposed FFCL. Def. Nadeau's Prop. Findings of Fact & Conclusions of Law (Apr. 1, 2024). The fifth and final day of hearings took place on April 8,

---

[3] Def. Arthur U. San Agustin's Opp'n to People's Ex Parte Mot. to Recons. Disqualification of AG Moylan & Witness Moylan from Arguing Evidentiary Hr'g (Mar. 20, 2024) and Def. Nadeau's Joinder in Def. San Agustin's Opp'n to People's Ex Parte Mot. to Recons. Disqualification of AG Moylan & Witness Moylan from Arguing at Evidentiary Hr'g (Mar. 20, 2024).

[4] Reply to Opp'ns to Ex Parte Mot. for Recons. (Mar. 22, 2024).

[5] Under GRPC 3.7.

2024, during which the Court heard closing arguments.[6] At the end of the day, the Court concluded that the hearings failed to surface any evidence that violated attorney client privilege and unsealed the proceedings[7]. Min. Entry at 12:20:53 PM (Hearing, Apr. 8, 2024). The Court then took the matter under advisement. *Id.* at 12:22:14 PM.

After the hearing, on May 31st, 2024, the Guam Supreme Court entered a declaratory judgment answering the Governor's questions regarding the AG and his relationship to the executive branch agencies. Decl. J., CRQ24-001 (May 31, 2024). The Guam Supreme Court found that the OAG does indeed have an attorney-client relationship with the agencies, and the Guam Rules of Professional Conduct apply. *Id.*

**FINDINGS OF FACT**

By preponderance of the evidence, the Court makes the following findings of fact:

## Case Background

1. There is, within the Executive Branch of the government of Guam, a Department of Public Health and Social Services ("DPHSS"), the head of which is the Director. 5 GCA § 3111.

2. The Division of Environmental Health exists within the DPHSS and carries out planning and measures to detect and track public health emergencies. 10 GCA § 20103. Environmental Health Division Personnel have the authority to act in the name of the Director of the DPHSS. 10 GCA § 20104.

3. It is unlawful for any person to operate or open for business any institutional facility as defined in 10 GCA § 25101 (which includes schools for the care and education of

---

[6] AAG Harley presented closing arguments for the People in place of AG Moylan. Min. Entry. at 11:40:10 AM.
[7] The Court later filed an Order formally unsealing the hearing. Order Unsealing Evidentiary Hr'g (Apr. 19, 2024).

Decision and Order
Case No. CF0446-23, *People v. Arthur U. San Agustin*
Page **8** of **23**

students from kindergarten through grade twelve) "without a valid sanitary permit for such establishment or activity, issued by the Director." 10 GCA § 21101.

4. "As often as may be deemed necessary and, at least once every three (3) months, the Director shall inspect every establishment or activity subject [to the Chapter above]. The date of each inspection shall be noted on the permit." 10 GCA § 21104.

## Structure of the Office of Attorney General

5. "The Attorney General shall have *cognizance of all matters pertaining to public prosecution*, including the prosecution of any public officials." 5 GCA § 30104 (emphasis added).

6. The Office of the Attorney General conducts criminal prosecutions and brings criminal cases in the name of the People of Guam.

7. "Notwithstanding any other provision of law, the Attorney General shall have *cognizance of all legal matters*, excluding the Legislative and Judicial Branches of the government of Guam, *involving the Executive Branch of the government of Guam*, its agencies, instrumentalities, public corporations, autonomous agencies and the Mayors Council[.]" 5 GCA § 30102 (emphasis added).

8. The Office of the Attorney General gives legal advice to government agencies through its "Civil Litigation" division, and formerly through its "Solicitor" division, which has now been merged with the Civil Litigation division. Min. Entry at 10:36:01 AM (Hearing, Mar. 12, 2024).

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 34 of 76

9. In 2019, Former AAG Jessica Toft assisted DPHSS in drafting updated rules and regulations of the issuance of school sanitary permits, including § 4719 which provides a 5-year grace period for existing schools to be in compliance with the rules. Min. Entry at 2:43:21 AM (Hearing, Mar. 12, 2024).

10. On January 27, 2020, Defendant, and then DPHSS Director, Arthur U. San Agustin asked the OAG to provide guidance on DPHSS's authority to enforce school sanitary permit regulations given the five-year grace period in § 4719. Nadeau Decl. at 20-37 and *Def.'s Ex. L.*

11. In response to a request for legal services from DPHSS, on August 10, 2022, then AAG Sandra Miller issued an "Information and Guidance" memorandum to the then Acting Director for DPHSS Camacho regarding the Implementation of the Rules and Regulations for School Building Sanitation. *Def.'s Ex. K.*

**Investigation by the Government Corruption Division**

12. In January 2023, after taking office as Attorney General of Guam, AG Moylan opened an investigation into the sanitary permits of several Guam schools. Later, AG Moylan personally participated in the investigation of DPHSS. Min. Entry at 10:30:00 AM (Hearing, Mar. 12, 2024) and Min. Entry at 2:39:00 PM (Hearing, Mar. 13, 2024).

13. On February 9, 2023, upon the request of then Acting Chief Prosecutor Heather M. Zona, a Grand Jury issued its first Subpoena Duces Tecum in Investigative Case AG23-246 to the Custodian of Records for DPHSS. *Def.'s Ex. P.*

14. On February 13, 2023, DPHSS Director San Agustin sent a letter to AG Moylan, claiming a conflict of interest since DPHSS was allegedly the AG's client, and sought

assistance with the subpoena. There was no response, so DPHSS returned documents in response to the February 2023 subpoena without any assistance from the OAG. In February 2023, AAG Jessica Toft also left the OAG. *Def.'s Exs. R1 and BB.*

15. On April 6, 2023, San Augustin sent a formal request for legal services concerning the effective date of a sanitary permit. Before May 2023, AG Moylan received updates from DAG Zona regarding the investigation into school sanitary permits and then from DAG Rudolph before the case was publicly filed in July 2023. *Def.'s Ex. C* and Min. Entry at 11:11:00 AM (Hearing, Mar. 12, 2024).

## Conflict Wall

16. On April 17, 2023, CDAG Guthrie issued a policy statement to all attorneys and staff regarding Ethical Screens and Conflict Walls. *Pl.'s Ex. 1.*

17. On May 2, 2023, two memos were issued by Guthrie to all employees of the OAG regarding the establishment of an Ethical Screen for AG23-246: one memo for the Civil Division and another memo for the General Crimes Division. *Pl.'s Ex. 2.*

18. On May 4, 2023, a second Grand Jury Subpoena Duces Tecum for AG23-246 was issued by Gloria Rudolph to Tom Nadeau seeking, among other things, sanitary permits, inspection reports, health certificates, and supporting documentation for all DOE facilities from Jan. 1, 2018, to the present (at that time, May 4, 2023). *Def.'s Ex. O.*

19. On May 5, 2023, DPHSS requested legal assistance with the May 4, 2023 grand jury subpoena duces tecum issued to Tom Nadeau, in which Former AAG Miller assisted in facilitating documentation responsive to the subpoena duces tecum. *Def.'s Exs. D, F, and S.* On May 11, 2023, Former AGG Miller accompanied Defendant Nadeau to the Grand Jury. Min. Entry at 2:39:21 PM (Hearing, Mar. 13, 2024).

20. In July 2023, this case was publicly filed and on July 3, 2023, Defendants Arthur U. San Agustin and Masatomo Nadeau were indicted and charged by a Grand Jury. Indictment (July 3, 2023).

21. On July 27, 2023, the OAG issued a Legal Opinion in response to San Agustin's April 6 inquiry. *Def.'s Ex. M.*

22. On August 21, 2023, the Government filed a Superseding Indictment charging San Agustin. On September 1, 2023, Defendant San Agustin filed a Motion to Disqualify the Office of the AG (later joined by Nadeau) claiming that the OAG was complicit in how the DPHSS manages sanitary permits and enforces the School Sanitation Regulations because of legal advice provided by the OAG civil division (Former AAG Sandra Miller). Mot. to Disqualify Off. Of Att'y Gen. (Sept. 1, 2023) and Super. Indictment (Aug. 21, 2023).

## DISCUSSION

In Guam, "the current standard for attorney disqualification is whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." *Barrett-Anderson v. Camacho*, 2018 Guam 20 ¶ 20. "[D]isqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." *Id.* ¶ 17.

Defendants Motions to Disqualify the AG cite several rules, including Guam Rule of Professional Conduct ("GRPC"), particularly GRPC 1.8 and GRPC 1.13(b) and (d), that may be implicated here. However, Defendants' Motions primarily turn on GRPC 1.7, which provides, in relevant part:

> (a) ... a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

Case 1:26-cv-00007     Document 1-2     Filed 03/25/26     Page 37 of 76

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person, or by a personal interest of the lawyer.

### A. Do the Guam Rules of Professional Conduct Apply to the OAG?

The Court answers this question in the affirmative. Guam Rules of Professional Conduct apply to the attorneys of the OAG, including the Attorney General himself. *See Barrett-Anderson*, 2018 Guam 20 ¶¶ 14-28 (analyzing Assistant Attorney General's alleged conflict of interest); *People v. Tennessen*, 2009 Guam 3 ¶¶ 33-50 (analyzing the Attorney General's own alleged conflict of interest). Other jurisdictions agree. *See, e.g., Att'y General v. Mich. Public Service Com'n*, 625 N.W.2d 16, 27 (Mich. Ct. App. 2000) ("It is well settled that in the control of litigation, the Attorney General has the duty to conform his conduct to that prescribed by the rules of professional ethics." (quoting *Manchin v. Browning*, 296 S.E.2d 909 (W. Va. 1982)), *Chun v. Ba. of Trustees of Employees' Retirement Sys. Of State of Hawaii*, 952 P.2d 1215, 1237-38 (Haw. 1998), *see also* 7A C.J.S. Attorney General § 46, "Conflict Interests" (2024), 7 Am. Jur. 2d Attorney General § 17 (2024).

In general, the "rules of professional conduct are not to be mechanically applied" to the attorneys of the OAG, or to any other Guam attorneys. *Barrett-Anderson*, 2018 Guam 20 ¶ 24; *accord Chun*, 952 P.2d at 1236, *Michigan Public Service Com 'n*, 625 N.W.2d at 33. Recognizing this, other jurisdictions have determined that the "unique nature" of their OAG (or its local equivalent) "allow[s] dual representation in certain circumstances not otherwise permitted in the arena of private practice." *See id.; State ex rel. Com 'r of Transp. v. Medicine Bird Black Bear White Eagle*, 63 S.W.3d 734, 773-74 (Tenn. Ct. App. 2001). Guam, however, has explicitly "reject[ed] the Attorney General's request for flexibility under the [GRPC] based

on [their] unique position as the Chief Legal Officer of the Government of Guam." *Barrett-Anderson*, 2018 Guam 20 ¶ 24, *see also Santos v. Camacho*, 2006 WL 581251 * 7 (D. Guam Mar. 10, 2006). Guam Rules of Professional Conduct therefore apply to the attorneys of the OAG, including the Attorney General himself. The GRPC applies to the OAG generally and therefore GRPC 1.7(a) applies specifically.

### B. Is the OAG Disqualified Because Their Continued Participation in this Case Would Violate the Guam Rules of Professional Conduct?

The Court answers this question in the affirmative. Under *Barrett-Anderson*, the OAG is disqualified if their continued participation if this case would violate the Guam Rules of Professional Conduct ("GRPC"). The OAG's continued participation in this case would violate GRPC 1.7(a), because the OAG has a concurrent conflict of interest. GRPC 1.7(a) "prohibit[s] an attorney from representing a client whose interests are adverse to the interests of another former or current client." *Guerrero v. Moylan*, 2002 Guam 18 ¶ 49. The following analysis demonstrates that the OAG violated GRPC 1.7(a) by focusing on three issues: (1) whether this case involves two distinct "clients" of the OAG, (2) whether the interest of those two clients conflicts, and (3) whether the conflict was properly addressed with a conflict wall.

### i. This Case Implicates Two Clients of the OAG

It is undisputed that one "client" of the OAG is the public interest. *See, e.g., In re Kline*, 311 P.2d 321, 390 (Kan. 2013) ("as Attorney General... his 'client' was the public."); *Levitt v. Attorney General*, 151 A. 171, 174 (Conn. 1930). The People maintain that the prosecutorial division of the OAG is a "law firm" that serves "the People of Guam" or the public interest in criminal prosecutions. *See* [People of Guam's Prop.] Findings of Fact & Conclusions of Law re: Mot. to Disqualify the AG at 2 (Mar. 29, 2024) (referring to the prosecution as an

"important public law firm"). Defendants do not disagree. Since Guam law empowers the Attorney General to serve as the "public prosecutor" for Guam, 5 GCA § 30104, and to "conduct... the prosecution of all offenses against the laws of Guam," 5 GCA § 30109(a), the Court agrees that the public is one "client" of the OAG.

While the parties agree that the public interest is one "client" implicated by this case, the parties disagree on whether the OAG has a second "client," in the form of the Defendants. The People argue that the OAG "represents both the Government of Guam and the Public Interest," but that these two entities are essentially one client, because "all government officials are agents of our client, the Government of Guam, which belongs to the 'People of Guam'." People's Opp'n to Mot. to Disqualify Off. of Att'y Gen. at 2 (Sept. 15, 2023). This circular contention is opposed by Defendants, who argue that historically the OAG treats agencies like DPHSS and their constituents as clients distinct from the public interest. [Prop.] Findings of Facts & Conclusions of Law re: Mot. to Disqualify Off. of Att'y Gen. at 12 (Apr. 1, 2024). Further, Defendant Nadeau argues that he "reasonably believed that AAG Miller was advising him personally when he expressed concern about testifying before the grand jury." Def. Nadeau's Prop. Findings of Fact & Conclusions of Law at 5 (Apr. 1, 2024).

This court does not come to any conclusions about whether the OAG represents private individuals[8], however, the Guam Supreme Court recently made it very clear that the OAG represents executive agencies. *See* Decl. J., CRQ24-001 at 7 (May 31, 2024) ("The AG has an attorney-client relationship with executive branch agencies, and the rules of professional

---

[8] Although, generally, the AG strictly represents the public. *See, e.g., Cebertowicz v. Madigan*, 48 N.E.3d 702, 706-07 (Ill. Ct. App. 2016); *Cliff v. Vacco*, 267 A.D.2d 731 (N.Y. App. Div. 1999).

Decision and Order
Case No. CF0446-23, *People v. Arthur U. San Agustin*
Page **15** of **23**

conduct apply.[9]"). In their Declaratory Judgement regarding AG Moylan's recent withdrawal from executive branch agencies, the Guam Supreme Court continues:

> …as an inanimate entity, an agency must act through its agents since it cannot speak directly to its lawyers. *Cf. Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). Thus, although the client is the agency, when one of the constituents of an agency communicates with the agency's lawyer in that person's official capacity, the communication is confidential. *See Jess by Reinecke v. Danforth*, 485 N.W.2d 63, 67 (Wis. 1992). If the agency's attorney believes that the official's interests are adverse to the agency's, he has a duty to explain to the official that he represents the agency's interest, not the individual's. *See* Guam R. Prof'l Conduct 1.13(d).

> *Id.* at ¶ 7.

The Guam Supreme Court's holding aligns with Former Assistant Attorney Generals Jessica Toft's and Sandra Miller's testimony regarding the history of the OAG and its procedure.[10]

Regarding the case before us specifically, Former AAG Toft testified that she assisted DPHSS in drafting the rules and regulations concerning School Sanitary Permits in 2019. Min. Entry at 2:43:21 AM (Hearing, Mar. 12, 2024). Former AAG Miller also testified that she worked directly with Nadeau regarding his Grand Jury subpoena and viewed her role as facilitating the disclosure of documents from DPHSS to the prosecution division. Min. Entry at 2:39:21 PM (Hearing, Mar. 13, 2024). It follows that the DPHSS is therefore the OAG's "client." Thus, the case implicates two clients of the

---

[9] Citing *Morgan v. N.Y. State Dep't of Env't Conservation*, 779 N.Y.S.2d 643, 645 (App. Div. 2004); *Attorney General v. Mich. Pub. Serv. Comm'n*, 625 N.W.2d 16, 28 (Mich. Ct. App. 2000).

[10] Former Assistant Attorney Generals testified that under prior Attorney Generals Lirnitaco, Rapada, Barret-Anderson, and Camacho, agency requests for legal advice came by formal letter and, when accepted, created an attorney client relationship between the OAG, the applicable agency, and its director and designated employees. Min. Entry at 2:23:00 PM (Hearing, Mar. 12, 2024); Min. Entry at 2:00:00 PM (Hearing, Mar. 13, 2024); and *Def.'s Ex. T1.*

OAG: (1) the public interest and (2) the DPHSS, acting through its agents Director San Augustin and Chief Environmental Public Health Officer Nadeau, the Defendants.

### ii. The OAG Has a Concurrent Conflict of Interest

Under GRCP 1.7(a)(2), a concurrent conflict of interest exists where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." That is the situation before us.

The targets of the prosecution in this case are also executive branch employees represented by the OAG; this creates a concurrent conflict of interest. Exasperating this conflict is the fact that official DPHSS activity, advised on by the OAG, is now the subject of the OAG's prosecution. For the reasons above, the DPHSS is a client of the OAG. Thus, DPHSS has the same right to "undivided loyalty" from the OAG as any other client. *See* Decl. J., CRQ24-001 at 7 (May 31, 2024) ("As his clients, the AG owes a duty of confidentiality and loyalty to the agencies."). In the context of concurrent conflicts of interest, loyalty is the "primary value at stake." *Metro-Goldwyn-Alayer, Inc. v. Tracing* Corp., 36 Cal. App. 4th 1832, 1839 (Ct. App. 1995). Further, the Guam Supreme Court recently clarified that "an attorney in the Office of the Attorney General, including the AG, has an actual conflict of interest when they have advised a government officer in their official capacity on matters related to an offense the officer is charged with." *See* Decl. J., CRQ24-001 at 8 (May 31, 2024).

Attorneys in the Office of the Attorney General, including the AG himself, advised DPHSS officials in exactly the matter described above. AAG Toft assisted DPHSS in drafting the rules and regulations concerning the very School Sanitary Permits at issue in this case, and AGG Miller later assisted DPHSS with a matter concerning the applicability and interpretation

of a grace period for those very School Sanitation Regulations in 2020. Min. Entry at 2:43:21 AM (Hearing, Mar. 12, 2024). Finally, AG Moylan himself instructed AAG Miller, who was representing DPHSS, that she was to have Defendant Nadeau personally appear and testify before the Grand Jury regarding the charges in this case. Min. Entry at 2:39:21 PM (Hearing, Mar. 13, 2024) and *Def.'s Exs. F and S.* Thus, a concurrent conflict of interest exists because the OAG "advised a government officer in their official capacity on matters related to an offense the officer [was] charged with." *See* Decl. J., CRQ24-001 at 8 (May 31, 2024).

DPHSS has a valid interest in receiving loyal, confidential legal representation. This is true of the organization as a whole, not merely its constituent employees. Based on the above analysis, the OAG clearly risks subordinating the DPHSS's legal interests to the OAG's prosecutorial interests. The Court therefore concludes that the OAG has a concurrent conflict of interest under GRPC 1.7(a)(2).

### iii. There Was a Conflict Wall, But It Was Late and Ineffective

Generally, when a lawyer is disqualified for a conflict under Rule 1.9 or 1.7, that conflict is imputed to that lawyer's firm unless "the disqualified lawyer is timely screened from any participation in the matter…" GRPC 1.11(b).

As the OAG's director, AG Moylan "must make reasonable efforts to ensure that the Office of the Attorney General has measures in effect that give reasonable assurance that all lawyers in the Office of the Attorney General conform to the Rules of Professional Conduct. The AG must also make reasonable efforts to ensure that the lawyers under his direct supervisory authority conform to the Rules of Professional Conduct." *See* Decl. J., CRQ24-001 at 9 (May 31, 2024) (citing Guam R. Prof'l Conduct 5.1(a) and (b)). The Guam Supreme Court recently held that the AG has discretion regarding these "reasonable efforts," which can

include appointing a Special Assistant Attorney General, recusing from prosecution, or erecting "conflict walls." *Id.* Nevertheless, "faced with such a conflict, the AG cannot simply choose to do nothing." *Id.* (citing *Lacey v. Maricopa County*, 693 F.3d 896, 933 (9th Cir. 2012)).

In the case before us, the AG chose to do something. However, the AG's reasoning behind this choice is at times paradoxical and confusing. On September 15, 2023, the OAG initially took the position that there was no conflict of interest. People's Opp'n to Mot. to Disqualify Off. of Att'y Gen. at 3-5 (Sept. 15, 2023). However, on the third day of hearings, the OAG contradicted itself and surprised this Court with evidence of a conflict wall, claiming that the DPHSS investigation was screened all along. Min. Entry at 10:27:39 AM (Hearing, Mar. 15, 2024). To explain the split in the OAG's narrative, the OAG claims that they established the conflict wall "out of an abundance of caution" and not because of a genuine conflict. Min. Entry at 10:53:00 AM (Hearing, Mar. 15, 2024). To put it mildly, the Court finds this story suspect. Based on the historical record[11], the OAG does not typically screen its attorneys "out of an abundance of caution" while simultaneously denying an actual conflict occurred. Nevertheless, based on the above analysis, an actual conflict *did* occur. Thus, the Court must analyze the OAG's paradoxical "conflict-without-a-conflict-wall" at face value and determine whether the wall sufficiently screened the rest of the OAG from its concurrent conflict of interest.

Where a conflict is demonstrated, the burden shifts to the People to demonstrate by clear and convincing evidence "that the challenged attorney has been sufficiently screened

---

[11] Former AAG Toft provided Exhibit TI to demonstrate that a list of conflicts, including those of prior Attorneys General, was maintained, logged and recorded at the OAG under the past three Attorneys Generals' administrations. Min. Entry at 2:23:00 PM (Hearing, Mar. 12, 2024) and *Def.'s Ex. T1*.

from the remainder of the staff and its work on the pending case." *See e.g., State v. Claybrook,* No. 3, 1992 WL 17546 at 7 (Tenn. Crim. App. Oct. 28, 1999). Guam case law suggests that the OAG can screen attorneys with conflict walls to avoid disqualification of the entire office. *See Tennessen*[12] 2009 Guam 3 ¶ 36 ("Where conflict walls are effectively implemented, disqualification of the entire office may be unnecessary."), *People v. Santos,* 2018 2 Guam 12 ¶ 14. In Guam, "[t]he burden falls upon the government to show that the conflict wall provided an effective screen." *Tennessen,* 2009 Guam 3 ¶ 46 (citing *State v. Gonzales,* 119 P.3d 151, 163 (N.M. 2005)).

During his surprise testimony, CDAG Guthrie testified that he and AG Moylan agreed, during the early stages of the DPHSS investigation, to establish a conflict wall screening the Prosecution Division from the Civil Division of the OAG. Min. Entry at 10:24:00 AM (Hearing, Mar. 15, 2024). According to CDAG Guthrie, the plan was for Guthrie to oversee the Civil Division while AG Moylan oversaw the Prosecution Division, including the prosecution of DPHSS. *Id.* and *Def.'s Ex. AA.* Yet, Moylan and Guthrie did not erect their conflict wall regarding this case until May 2, 2023. Min. Entry at 10:25:30 AM (Hearing, Mar. 15, 2024) and *Ex. 1.* This was almost three months after the OAG first opened their investigation into DPHSS and almost a month after the OAG issued their first subpoena. *Def.'s Exs. D, R1, and J.* Thus, the conflict wall was not "timely" under GRPC 1.11(b). Further, it violates the OAG's own policy, which requires that an effective conflict wall must be "erected before or at the time when the conflict arises." *Def.'s Ex Z.*

---

[12] The Court recognizes that *Tennessen* was overruled in part by *Barrett-Anderson,* 2018 Guam 20 ¶ 19, but only "to the extent that [*Tennessen*] is inconsistent." The inconsistency between the cases involves the standard evaluating disqualification, not the use of conflict walls. *See Id.* ¶¶ 15-20. Since *Barrett-Anderson* did not address conflict walls, it did not overrule this portion of *Tennessen.*

Decision and Order
Case No. CF0446-23, *People v. Arthur U. San Agustin*
Page **20** of **23**

Compounding these problems, AG Moylan, who was on the Prosecutorial side of the ethical wall, instructed AAG Miller, who was on the Civil side, to have Defendant Nadeau testify before the Grand Jury and provide documents that were later used in Nadeau's own prosecution. Min. Entry at 2:39:21 PM (Hearing, Mar. 13, 2024). This blatantly violates the civil / prosecutorial boundary that the CDAG himself testified he established with Moylan. Furthermore, AAG Miller testified that she received a memo regarding the conflict wall for AG23-246 (the prosecution of DPHSS), but she did not know who the screened lawyers were on the other side of the wall, and she was unsure whether the wall was effective. *Id.* at 2:29:00 PM. This might explain why AAG Miller failed to advise Nadeau that she was not representing him personally and that he had a right to retain his own lawyer.[13] Finally, AAG Miller regularly communicated across the wall with DAG Rudolph, as well as Investigator Apuron, who both testified that they were two of the primary OAG employees—after AG Moylan— driving this case's prosecution. Min. Entry at 11:40:00 AM and 2:40:00 PM (Hearing, Mar. 18, 2024). All of this violated the OAG's own policy drafted by CDAG Guthrie, which mandates notice, with acknowledgment in writing, to all screened persons on both sides of a conflict wall.[14]

An old adage[15] inquires, *if a tree falls in a forest, and no one is around to hear it, does it make a sound?* This Court must similarly inquire, *if a conflict wall is set up, and no one in the office is aware of whom is conflicted, does it prevent a conflict of interest?* The Court declines to answer the former, as the old adage is unknowable, however, we can answer the

---

[13] *See* Decl. J., CRQ24-001 at 9 (May 31, 2024) ("If the agency's attorney believes that the official's interests are adverse to the agency's, he has a duty to explain to the official that he represents the agency's interest, not the individual's." citing Guam R. Prof'l Conduct 1.13(d)).

[14] *See* Def.'s Ex. Z.

[15] *See* George Berkley, A Treatise Concerning the Principles of Human Knowledge. 45 (2d ed. 1710); or Charles Riborg Mann & George Ransom Twiss, Physics (1910).

latter assuredly in the negative. The OAG failed to provide sufficient evidence that their attorneys knew who was on which side of the conflict wall, nor did they provide evidence of warnings or consequences being issued after the wall was breached. It is therefore clear that the conflict wall was totally ineffective. Thus, the concurrent conflict of interest is imputed across the OAG, and the whole office must be disqualified from this prosecution.

## CONCLUSION AND ORDER

Based on the above analysis, the Court concludes that the Office of the Attorney General's continued representation in this case will violate GRPC 1.7. The conflict of interest was not mitigated by the instantiation of an effective conflict wall. Therefore, the Court **GRANTS** the Defendants' Motions to Disqualify the Office of the Attorney General.

///

///

///

///

///

///

Based on the Court's analysis and conclusion that the Office of the Attorney General's continued representation in this case will violate GRPC 1.7 and that the conflict of interest had not been mitigated by the imposition of an effective conflict wall; the Court finds, consequently, that the Government of Guam must secure the services of a special prosecutor to handle this matter and independent from the supervision and/or oversight of the Office of the Attorney General.

**WHEREFORE, IT IS HEREBY ORDERED** that the appointment of a special prosecutor be made within thirty (30) days of the filing of this Order or the matter will be dismissed in its entirety.

SO ORDERED, this __1__ day of __July__ 2024.

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 48 of 76

# EXHIBIT D

F I L E D
CLERK OF COURT

2024 OCT 18 PM 2: 56

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **CRIMINAL CASE NO. CF0446-23** |
| Plaintiff, | |
| vs. | **ORDER FOR DISMISSAL** |
| **ARTHUR U. SAN AGUSTIN** (D.O.B.: 01/01/1965), **MASATOMO NADEAU** (D.O.B.: 10/24/1968), | |
| Defendants. | |

This matter came before the Honorable John C. Terlaje on September 6, 2024 pursuant to a Motion for Reconsideration and was decided on the briefs, without oral argument. Attorney Joaquin Arriola ("J. Arriola") and Attorney William B. Brennan ("Brennan") represent Defendant San Agustin and Attorney G. Patrick Civille ("Civille") represents Defendant Nadeau. The People remain unrepresented as Attorney General Douglas Moylan has been Disqualified and no special prosecutor has been appointed.

On July 1, 2024, this Court issued a Decision and Order granting Defendants' Motions to Disqualify the Office of the Attorney General. *See* Decision and Order (Motions to Disqualify), Jul. 1, 2024. The Court ordered that "the Government of Guam must secure the services of a special prosecutor to handle this matter…independent from the…oversight of the Office of the Attorney General." The Court ordered that this appointment be made within thirty (30) days of the filing of the Order, or "the matter will be dismissed in its entirety."

On July 11, 2024, the People filed their Motion for Reconsideration of the July 1, 2024, Decision and Order. People's Mot. for Recons. of the July 1, 2024, Decision & Order (Jul. 11, 2024). Defendant San Augustin filed an Opposition on July 26, 2024. Def's Opp'n to OAG's Mot. to Recons. July 26, 2024, Decision & Order (Jul. 26, 2024). Defendant Nadeau joined in the Opposition on the same day. Def. Nadeau's Joiner in Arthur San Agustin's Opp'n to OAG's Mot, to Recons. July 1, 2024, Decision & Order (Jul. 26, 2024).

The Court issued a Decision and Order on the Motions to Reconsider on September 6, 2024, denying the People's Motion to Reconsider and reaffirming the decision of the previous Decision and Order on the Defendants' Motions to Disqualify the Office of the Attorney General.

The People failed to comply with the Court's orders to appoint a special prosecutor within thirty (30) days of the Decision and Order on the Motions to Reconsider. While the People did file a Verified Petition for Permission to Appeal with the Supreme Court of Guam on October 4, 2024, the People did not file a Motion to Stay the Order to appoint a special prosecutor. Therefore, based on the People's failure to adhere to the aforementioned order, the Court dismisses this case with prejudice.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. That the above-captioned matter be DISMISSED WITH PREJUDICE.

2. That any release conditions currently placed on all Defendants be VACATED.

**SO ORDERED**, this __15__ day of __October__ 2024.

_____
HON. JOHN C. TERLAJE
Judge, Superior Court of Guam

# EXHIBIT E

**IN THE SUPREME COURT OF GUAM**

PEOPLE OF GUAM,

       Plaintiff-Appellant,

    vs.

ARTHUR U. SAN AGUSTIN and
MASATOMO NADEAU,

       Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

Supreme Court Case No. CRA24-023
Superior Court Case No. CF0446-23

**ORDER**

This matter comes before the court upon the Motion to Dismiss this appeal, or in the alternative, to disqualify the Office of the Attorney General ("OAG"), filed by Defendants-Appellees Arthur U. San Agustin and Masatomo Nadeau, and the Opposition filed by Plaintiff-Appellant People of Guam ("People"). *See* San Agustin's Mot. Dismiss, Mot. Disqual. OAG at 1-9 (July 18, 2025); Nadeau's Joinder in San Agustin's Mot. Dismiss, Mot. Disqual. OAG at 1-3 (July 30, 2025); People's Mem. Resp. Mot. Dismiss, Mot. Disqual. OAG at 1-17 (Aug. 14, 2025).

The People appeal from the Superior Court's order dismissing the case with prejudice following the OAG's failure to appoint a special prosecutor within the time ordered by the court. This court extended the deadline for the People's opening brief to March 10, 2025. Order at 1 (Feb. 25, 2025). After granting the People's Emergency Motion for Leave to File an Untimely Brief and sanctioning them by deducting ten minutes from oral argument, this court accepted the late-filed opening brief. Order at 1-2 (Apr. 7, 2025). In that brief, the People challenged *only* the Superior Court's disqualification orders and did not substantively address the dismissal with prejudice. *See* Appellant's Br. at 18-54 (Apr. 7, 2025). San Agustin and Nadeau then filed their response briefs, arguing in part that the People failed to brief any challenge to the dismissal. *See* Appellee San Agustin's Br. at 38 (June 6, 2025); Appellee Nadeau's Br. at 3 (June 20, 2025).

E-Received

1/15/2026 9:11:21 AM

The People submitted their reply brief, *again* omitting any argument challenging the dismissal while focusing solely on the disqualification issue. Appellant's Reply Br. at 1-15 (July 8, 2025).

San Agustin and Nadeau thereafter moved to dismiss the appeal, or in the alternative, to disqualify the OAG from further participation. *See* Mot. Dismiss at 1-9; Joinder in Mot. Dismiss at 1-3. In response to these motions, the People, for the first time in this appeal, argued that "[t]he trial court erred when it dismissed the case with prejudice" and requested leave to file a supplemental brief addressing that issue. People's Mem. Resp. Mot. Dismiss at 3-5. In light of the pending motions, this court vacated the scheduled oral argument. Order at 1 (July 31, 2025).

Under Guam Rule of Appellate Procedure ("GRAP") 13(a)(9), an appellant's opening brief must contain "the contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Failure to raise an issue and present supporting argument in the opening brief generally results in forfeiture of that issue on appeal, though this court retains discretion to review forfeited issues in appropriate circumstances. *See People v. Quinata*, 2023 Guam 25 ¶ 32 (citing *People v. Borja*, 2017 Guam 20 ¶ 28; *Estate of Concepcion v. Siguenza*, 2003 Guam 12 ¶¶ 10-11). Forfeiture arises from neglect or inadvertence, while waiver is the intentional relinquishment of a known right; waived issues will not be considered, but forfeited issues may be reviewed at the court's discretion. *Id.* ¶ 32 n.4. This court has also emphasized that to allow a party "to present new argument for the first time" outside the opening brief—whether in a reply brief or in a later motion—would be "manifestly unfair." *Concepcion*, 2003 Guam 12 ¶ 11.

Here, the Superior Court's dismissal with prejudice is the final judgment from which this appeal is taken under 8 GCA § 130.20(a)(5). Yet the People's opening brief contains no stand-alone contention that the dismissal was erroneous on statutory, procedural, or speedy-trial grounds. *See* Appellant's Br. at 18-54. Instead, the brief challenges only the disqualification of the OAG and suggests that reversal of the disqualification orders would, by implication, call the dismissal into question. *Id.* After San Agustin and Nadeau specifically flagged the omission in their response briefs, the People's reply brief again did not present any independent argument that the dismissal constituted an abuse of discretion or otherwise violated Guam's speedy-trial

statutes. *See* Appellee San Agustin's Br. at 38-39; Appellee Nadeau's Br. at 3; Reply Br. at 1-15.

Only in their memorandum opposing the motions to dismiss and disqualify did the People first articulate a substantive challenge to the dismissal with prejudice and request leave to supplement their briefing. People's Mem. Resp. Mot. Dismiss at 3-5. That late-raised argument does not cure the failure to comply with GRAP 13(a)(9). *See Concepcion*, 2003 Guam 12 ¶ 11. The obligation to present contentions and reasons in the opening brief is not a mere formality; it is a prerequisite to appellate review. *See Quinata*, 2023 Guam 25 ¶ 32 n.4; *Concepcion*, 2003 Guam 12 ¶¶ 9-11. Where, as here, an appellant omits any developed argument challenging the judgment from which it appeals and then fails to correct that omission in the reply brief, the issue is forfeited, and this court may decline to exercise its discretion to revive it through a later motion.

Because the People have not properly briefed any challenge to the dismissal with prejudice, there is no basis on which this court may disturb that judgment on appeal. Having considered the motion, joinder, opposition, the record on appeal, and the applicable law, we conclude that the People failed to adequately brief any challenge to the Superior Court's dismissal order and that dismissal of this appeal is warranted.

The motion to dismiss is **GRANTED**, and this appeal is **DISMISSED**. Because we resolve the matter on that basis, we do not reach San Agustin and Nadeau's alternative request to disqualify the OAG or otherwise address the underlying disqualification issues. The People's request for supplemental briefing is moot.

**SO ORDERED** this 15th day of January 2026.

| /s/ | /s/ |
|---|---|
| **F. PHILIP CARBULLIDO** | **KATHERINE A. MARAMAN** |
| **Associate Justice** | **Associate Justice** |

/s/
**ROBERT J. TORRES**
**Chief Justice**

Page 3 of 3

# EXHIBIT F

**Filed**

Supreme Court of Guam, Clerk of Court

## IN THE SUPREME COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Supreme Court Case No. CRA24-023 |
| Plaintiff-Appellant, | Superior Court Case No. CF0446-23 |
| vs. | |
| ARTHUR U. SAN AGUSTIN and MASATOMO NADEAU, | **JUDGMENT** |
| Defendants-Appellees. | |

APPEAL from the Superior Court of Guam.

ON CONSIDERATION THEREOF, it is now hereby ordered and adjudged by this court that the court **GRANTS** the motion to dismiss and **DISMISSES** this appeal. Because the court resolves the matter on that basis, the court did not reach Defendants-Appellees Arthur U. San Agustin and Masatomo Nadeau's alternative request to disqualify the Office of the Attorney General or otherwise address the underlying disqualification issues. Plaintiff-Appellant People of Guam's request for supplemental briefing is moot.

Dated this 15th day of January, 2026.

/s/
_____
**HANNAH G. ARROYO**
**Clerk of Court**

**E-Received**

1/15/2026 9:13:25 AM

# EXHIBIT G

**Filed**

Supreme Court of Guam, Clerk of Court

JOAQUIN C. ARRIOLA, JR., ESQ.
WILLIAM B. BRENNAN, ESQ.
ARRIOLA LAW FIRM, LLC
259 MARTYR STREET, SUITE 201
HAGÅTÑA, GUAM 96910
TEL: (671) 477-9730/33
jarriola@arriolafirm.com

Counsel for Defendant-Appellee
Arthur U. San Agustin

# IN THE SUPREME COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Supr. Ct. Case No.: CRA24-023 |
| | ) Super. Ct. Crim. Case. No.: CF0446-23 |
| Plaintiff-Appellant, | ) |
| | ) |
| vs. | ) **SECOND** |
| | ) **MOTION TO DISQUALIFY** |
| | ) **OFFICE OF THE ATTORNEY** |
| ARTHUR U. SAN AGUSTIN and | ) **GENERAL** |
| MASATOMO NADEAU, | ) |
| | ) |
| Defendants-Appellees. | ) |
| | ) |

COMES NOW, Defendant-Appellee Arthur U. San Agustin ("Mr. San Agustin"), through the undersigned counsel, who respectfully moves the Court to disqualify the Office of the Attorney General ("OAG") and Attorney General Douglas Moylan from the prosecution and appeal of this case and continued violation of the Guam Rules of Professional Conduct. This Motion follows the Court's previous determination not to address Mr. San Agustin's first motion to disqualify. Order at pp. 1-3 (January 15, 2026).

**E-Received**

2/2/2026 4:27:45 PM

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 59 of 76

# FACTUAL BACKGROUND

The Indictment in CF0446-23 was returned on July 3, 2023. People's Excerpts of Record ("ER") at 552. On July 1, 2024, the Superior Court granted the Defendants' motions to disqualify the OAG from prosecuting CF0446-23. ER at 558. No stay of the order disqualifying the OAG was entered by the Superior Court or this Court.

On January 15, 2026, this Court entered an Order granting Mr. San Agustin's Motion to Dismiss this matter because the OAG forfeited its right to challenge the Superior Court's Order dismissing CF0446-23. Order at p. 3 (Jan. 15, 2026) ("Because the People have not properly briefed any challenge to the dismissal with prejudice, there is no basis on which this court may disturb that judgment on appeal"). The Court declined to address Mr. San Agustin's motion to disqualify the OAG. Id.

Also on January 15, addressing an identical motion to disqualify and dismiss in CRA2024-24, this Court disqualified the OAG in CRA2024-024, because a valid Superior Court Order disqualifying the OAG remained in effect. See CRA2024-24, People v. Sablan et al., Order at pp. 3-4 (Jan. 15, 2026). The Court declined to dismiss CRA2024-24. Id.

On January 28, 2026, the OAG moved to extend the time for filing a motion for rehearing, and to shorten time in this matter, *and* in CRA2024-24. In CRA2024-24, this Court *sua sponte* struck the filings as they were filed in violation of the Court's order disqualifying the OAG. CRA2024-24, People v. Sablan et al., Order (Jan. 29, 2026). But in this matter, the Court granted the application to shorten time. Order (Jan. 29, 2026). Mr. San Agustin sent a letter to the Clerk of Court under Rule 13(i) of the Guam Rules of Appellate Procedure, requesting that the motion to disqualify

be addressed as it was no longer moot due to the OAG's seeking rehearing and related relief. Rule 13(i) Ltr. to Clerk of Court (Jan. 30, 2026) *attached hereto as* Exhibit A. The Clerk of Court responded that the substance of the letter was not covered by Rule 13(i), because it sought some direct action or relief from the Court, *attached hereto as* Exhibit B. This Second Motion to Disqualify follows.

## LAW AND ARGUMENT

I.     **The OAG was and is Disqualified from Representing the People in this matter.**

Mr. San Agustin renews his motion for an order from this Court disqualifying the OAG from this matter. In Barrett-Anderson v. Camacho, this court made clear that the OAG is subject to the Guam Rules of Professional Conduct ("GRPC"). 2018 Guam 20 ¶ 24. The standard for attorney disqualification is "whether an attorney's continued representation of a party or participation in an action violates or significantly risks violating the Guam Rules of Professional Conduct." Id. at ¶ 20. This court expanded in In re Request of Lourdes A. Leon Guerrero, I Maga'hågan Guåhan, Relative to the Duties of the Attorney General of Guam to Executive Branch Agencies, that prosecution of government officials could create a conflict of interest for the OAG under the GRPC. 2024 Guam 18 ¶¶ 59-61 (hereinafter "In re Request of L. Leon Guerrero").

In line with this authority, the Superior Court below disqualified the OAG from prosecuting CF0446-23 due to a conflict of interest created by the concurrent representation of the public interest and the Department of Public Health and Social Services by the OAG in violation of Rule 1.7 of the GRPC. Notably, the Superior Court found that the **conduct** of the attorneys at the OAG, specifically including the

**conduct** of Attorney General Douglas Moylan in the investigation and prosecution of this case, violated the Guam Rules of Professional Conduct and warrants disqualification of the OAG.

Mr. San Agustin submits that the conduct of the OAG and Attorney General Douglas Moylan in the continued prosecution and appeal of this matter is a continued violation of the Guam Rules of Professional Conduct.

The Superior Court's July 1, 2024 Order has not been stayed or disturbed on direct appeal. The Superior Court's jurisdiction to enter such order is not disputed. The OAG brought this appeal on behalf of the People of Guam against Defendant-Appellees – in direct contravention of the Superior Court's July 1, 2024 Decision and Order. Defendant Appellee Nadeau continues to be employed in his managerial position within the Government of Guam. The Disqualification Order is valid and binding on the OAG.

In CRA2024-24, the Court disqualified the OAG in identical factual and legal circumstances. See CRA2024-24, People v. Sablan et al., Order at pp. 3-4 (Jan. 15, 2026) (". . . we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel . . . out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect.").

By the GRPC's definition and this Court's precedent, the OAG is currently engaged in representation that violates the GRPC, and thus is engaged in unethical conduct. Unless this Court disqualifies the OAG, this Court will effectively co-sign the attorneys at the OAG, Attorney General Douglas Moylan, and any other

attorney's flouting of a Court decision disqualifying the attorney for violation of the GRPC in the Superior Court. The Court would also allow the OAG to participate in this case, in direct conflict with its disqualification order entered on January 15, 2026 in CRA2024-24. The OAG must be disqualified.

## II.   The Court should strike the Motion for Extension of Time to File Motion for Rehearing.

The OAG was aware of this Court's holding in CRA2024-24 – that counsel disqualified by the Superior Court in a matter is disqualified absent a stay or direct challenge to such order. See CRA2024-24, People v. Sablan et al., Order at pp. 3-4 (Jan. 15, 2026) (". . . we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel . . . out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect."). The OAG was aware of the Court's decision in CRA2024-24, as a party to that case, since January 15, 2026. In CRA2024-24, this Court struck the OAG Motion for Extension of Time to File a Motion for Rehearing and related papers due to its disqualification. CRA2024-24, People v. Alejo Sablan et al., Order (Jan. 29. 2026). Attorneys, managerial and subordinate, have independent duties to conform their conduct to the Guam Rules of Professional Conduct. Guam R. Prof. Conduct 5.1-5.2.

Here, the OAG is aware of this Court's order that an unstayed and undisturbed Superior Court order disqualifying counsel is binding, yet the OAG **continues** to file documents in this matter despite awareness of the July 1, 2024 Superior Court Decision and Order disqualifying the OAG from this matter, and the January 15, 2026 Order of this Court in CRA2024-24 – mandating the OAG's disqualification in

identical circumstances as presented here. The OAG must be disqualified and all papers filed after January 15, 2026 must be struck.

## CONCLUSION

Based on the foregoing, Defendant-Appellee Arthur San Agustin renews his motion to disqualify the OAG from the continued prosecution and appeal of this matter, effective January 15, 2026 and all papers filed by the OAG since that date must be struck.

Dated this 2nd day of February, 2026 at Hagatna, Guam.

**ARRIOLA LAW FIRM, LLC**
Counsel for Defendant-Appellee
Arthur U. San Agustin

By: _____
**WILLIAM B. BRENNAN**

## CERTIFICATE OF SERVICE

I, William B. Brennan hereby certify that on February 2, 2026, upon e-filing of this document with the Guam Supreme Court e-court system, I will have served the document, via e-filing, upon the following registered e-filers of the Guam Supreme Court:

G. Patrick Civille, Esq.
Civille & Tang, PLLC
330 Hernan Cortez Ave., Ste. 200
Hagatna, Guam 96910
Counsel for Real Party in Interest Masatomo Nadeau

Office of the Attorney General of Guam
134 W. Soledad Avenue, Ste. 412
Hagatna, Guam 96910
Office of the Attorney General

Dated this 2nd day of February, 2026.

**ARRIOLA LAW FIRM, LLC**
Counsel for Defendant-Appellee
Arthur U. San Agustin

By:_____
**WILLIAM B. BRENNAN**

Case 1:26-cv-00007    Document 1-2    Filed 03/25/26    Page 65 of 76



# ARRIOLA
## LAW FIRM, LLC

ANITA P. ARRIOLA
JOAQUIN C. ARRIOLA, JR.
WILLIAM BUCKY BRENNAN

CHRISTINE CLAVERIA ARRIOLA
LEAH MICHE' DIAZ-AGUON
MARK E. COWAN, OF COUNSEL

WWW.ARRIOLALAWFIRM.COM

January 30, 2026

Ms. Hannah M. Gutierrez Arroyo, Esq.
Clerk of the Court
Supreme Court of Guam
Ste 300 Guam Judicial Center
120 West O'Brien Drive
Hagatna, Guam 96910-5174

**RE: GRAP 13(i) Notice of Developments Affecting Appeal**
*CRA2024-023 People of Guam v. Arthur San Agustin et al.*

Dear Ms. Guttierez Arroyo,

The GRAP require that I give notice of developments affecting pending appeals, including "pertinent developments in applicable case law." Guam R. App. P. 13(i).

On January 15, this Court granted Mr. San Agustin's Motion to Dismiss. Order at p. 3 (Jan. 15, 2026). The Court declined to address Mr. San Agustin's Motion to Disqualify the OAG due to the dismissal. Id. However, also on January 15, this Court disqualified the OAG in CRA2024-024, because a valid Superior Court Order disqualifying the OAG remained in effect. See CRA2024-024, People v. Sablan *et al.*, Order at pp. 3-4 (Jan. 15, 2026) (". . . we cannot simply ignore the Superior Court's order and allow a disqualified office to continue as counsel . . . out of deference to the Superior Court's disqualification order, we conclude that the OAG may not prosecute this appeal while that order remains in effect.").

On January 28, the OAG moved to extend the time for filing a motion for rehearing, and to shorten time in CRA2024-023 and CRA2024-024. In CRA2024-024, this Court *sua sponte* struck the filings because they violated the Court's order disqualifying the OAG. CRA2024-024, People v. Sablan *et al.*, Order (Jan. 29, 2026). But in this matter, the Court granted the application to shorten time. Order (Jan. 29, 2026).

The Superior Court disqualified the OAG from this matter. See CF0446-23, People v. San Agustin *et al.*, Dec. & Order (July 1, 2024). That Order remains in effect. Because of this Court's Order in CRA2024-024, the OAG is aware that they should not be participating in this matter. Additionally, the motion to disqualify the OAG in this matter is not moot. In re Guardianship of Ulloa, 2014 Guam 32 ¶ 25 ("[a] claim is moot when the issues are no longer live or the parties lack a legally cognizable interest in the outcome. . . . ."). Therefore, the Court must grant Mr. San Agustin's Motion to Disqualify the OAG given the Court's orders in CRA2024-024. Since this matter was dismissed, it should be closed.

Respectfully submitted,

**WILLIAM B. BRENNAN**

I, William B. Brennan, hereby certify that on January 30, 2026, pursuant to Rule 13(i) of the Guam Rules of Appellate Procedure, I will cause the foregoing letter to be transmitted to the Clerk of Court for the Supreme Court of Guam via email at hgutierrezarroyo@guamcourts.gov. I further certify the I will provide courtesy copies of such email transmission to (1) Deputy Attorney General Gonzalo Alberto Gayoso, Counsel for Appellant People of Guam at ggayoso@oagguam.org, and (2) Attorney G. Patrick Civille, counsel for Defendant-Appellee Masatomo Nadeau at pciville@civilletang.com. I will also cause hard copies of this letter to be hand delivered to the following addresses:

Deputy Attorney General Gonzalo Alberto Gayoso
Office of the Attorney General of Guam
Government Corruption Division
134 W. Soledad Ave., Suite 412
Hagåtña, Guam 96910
Counsel for People of Guam

G. Patrick Civille, Esq.
Civille & Tang, PLLC
330 Hernan Cortez Ave., Ste. 200
Hagatna, Guam 96910
Counsel for Defendant-Appellee in Interest
Masatomo Nadeau

I further certify that the body of the above letter complies with the 350 word limit imposed by Rule 13(i), as the body contains: 340 words.

WILLIAM B. BRENNAN

| | |
|---|---|
| **From:** | Hannah Gutierrez Arroyo <hgutierrezarroyo@guamcourts.gov> |
| **Sent:** | Monday, February 2, 2026 9:11 AM |
| **To:** | Jamaica Nakama |
| **Cc:** | ggayoso@oagguam.org; pciville@civilletang.com; William B Brennan; Moana P. Taijeron; Sureta San Nicolas |
| **Subject:** | RE: GRAP 13(i) Notice of Developments Affecting Appeal CRA2024-023 People of Guam v. Arthur San Agustin et al. |

Hafa Adai, Attorney Brennan and counsels,

I have reviewed your letter, styled as a GRAP 13(i) notice of developments affecting appeal. Your letter appears to seek or direct some action or relief from the court, which is not appropriately presented as a GRAP 13(i) notice. Specifically, your letter states that the court "must grant" the motion to disqualify the OAG and that the matter "should be closed." You may make a motion to the Supreme Court presenting such arguments and seeking this action if you wish. Your letter will be placed in the case file.

Respectfully,
Hannah

**From:** Jamaica Nakama <jnakama@arriolafirm.com>
**Sent:** Friday, January 30, 2026 12:47 PM
**To:** Hannah Gutierrez Arroyo <hgutierrezarroyo@guamcourts.gov>
**Cc:** ggayoso@oagguam.org; pciville@civilletang.com; William B Brennan <wbrennan@arriolafirm.com>
**Subject:** GRAP 13(i) Notice of Developments Affecting Appeal CRA2024-023 People of Guam v. Arthur San Agustin et al.

Hafa Adai,

Please see the attached letter in regards to the matter referenced above from Attorney Brennan.

Respectfully,

*Jamaica Nakama*

*Legal Assistant to William B. Brennan, Esq.*

**ARRIOLA LAW FIRM, LLC**

259 Martyr Street, Suite 201

Calvo-Arriola Building

Hagatna, Guam 96910

Tel: 671.477.9730/33

Email: jnakama@arriolafirm.com

This email message, including any attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is sent by a law firm, and is intended only for the use of the recipient to whom it is addressed. The message, including any attachments, may contain information that is privileged, confidential, and exempt from disclosure. Any and all rights of privilege, confidentiality and non-disclosure are hereby expressly reserved and not waived. If you are not an intended recipient of this message, please advise the sender by reply email and delete this message and any attachments. Unauthorized use, dissemination, distribution, or reproduction of this message is strictly prohibited and may be unlawful.

# EXHIBIT H

**Douglas B. Moylan**
**Attorney General of Guam**
Civil Litigation Division
Office of the Attorney General
134 W. Soledad Avenue, Suite 302
Hagåtña, Guam 96910 · USA
671-475-3324 (tel) · 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

## IN THE SUPREME COURT OF GUAM
## HAGÅTÑA, GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Supreme Court Case No. CRA24-023 |
| | Superior Court Case No. CF0446-23 |
| Plaintiff-Appellant ) | |
| | |
| vs. | **Office of the Attorney General of** |
| | **Guam's Notice of Compliance with** |
| ARTHUR U. SAN AGUSTIN and | **Order of February 4, 2026** |
| MASATOMO NADEAU, | |
| | |
| Defendants-Appellees. ) | |

COMES NOW the Office of the Attorney General of Guam, by and through undersigned counsel in his capacity as the Chief Deputy Attorney General and Administrating Officer over administrative duties, and gives notice of the Office's compliance with the Court's February 4, 2026 Order which reads in relevant part

Page 1
*AG's Office's Notice of Compliance*
Supreme Court of Guam Case No. CRA24-023
Superior Court of Guam Case No. CF0446-23

that "this court PROSPECTIVELY CONDITIONS any further proceedings related to this appeal on the appearance of conflict-free substitute counsel." Order at 3 (February 4, 2026). On February 6, 2026 the AG's Office sent a mass electronic mailing to all Guam Bar members soliciting their appearance on behalf of the People of Guam in this case by the close of day on Monday, February 9, 2026. *See* Exhibit A. On February 10, 2026 it extended the response deadline to the close of day on February 11, 2026. *See* Exhibit B. To date, no Guam Bar members have contacted the AG's Office to enter this appearance as conflict-free substitute counsel on behalf of the People of Guam in this case.

**Respectfully submitted** this 12th day of February, 2026.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General**

**JOSEPH GUTHRIE**
Chief Deputy Attorney General

Page 2
*AG's Office's Notice of Compliance*
Supreme Court of Guam Case No. CRA24-023
Superior Court of Guam Case No. CF0446-23

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically filed the foregoing document with the Supreme Court of Guam by using the electronic filing system and that the following parties or their counsels of record will be served electronically:

**JOAQUIN C. ARRIOLA, JR., ESQ.**
**WILLIAM B. BRENNAN, ESQ.**
ARRIOLA LAW FIRM, LLC
259 Martyr Street, Suite 201
*Hagåtña*, Guam 96910
attorneys@arriolafirm.com
Attorneys for Defendant-Appellee ARTHUR U. SAN AGUSTIN

**G. PATRICK CIVILLE, ESQ.**
CIVILLE & TANG, PLLC
330 Hernan Cortez Avenue, Suite 200
*Hagåtña*, Guam 96910
pciville@civilletang.com
Attorney for Defendant-Appellee MASOTOMO NADEAU

I declare, under penalty of perjury, this 12th day of February, 2026 that the foregoing is true and correct to the best of my knowledge.

**OFFICE OF THE ATTORNEY GENERAL**
**Douglas B. Moylan, Attorney General**

**JOSEPH GUTHRIE**
Chief Deputy Attorney General

# EXHIBIT A



## Fwd: Action Needed: People of Guam vs. Arthur U. San Agustin and Mastromo Nadeau, Supreme Court Case No. CRA24-023.

**Joseph Guthrie** <jguthrie@oagguam.org>
To: Gabriela Rippel <grippel@oagguam.org>

Thu, Feb 12, 2026 at 12:41 PM

---------- Forwarded message ---------
From: **Joseph Guthrie** <jguthrie@oagguam.org>
Date: Fri, Feb 6, 2026 at 11:32 AM
Subject: Action Needed: People of Guam vs. Arthur U. San Agustin and Mastromo Nadeau, Supreme Court Case No. CRA24-023.
To: Guam Bar Association Attorneys <gbaattorneys@oagguam.org>

*Hafa Adai:*

Colleagues. Please find the attached order of the Supreme Court of Guam. It requires "the appearance of conflict-free substitute counsel ... not subject to the Superior Court's disqualification order [of the Office of the Attorney General of Guam]" to represent the People of Guam in the above appeal.

Please reply to this email message if (i) you are interested in filing an appearance on behalf of the People of Guam in this criminal case appeal, and (ii) if you believe that you do not have any ethical conflicts.

**Please respond by close of business on Monday, February 9, 2025 via reply email (jguthrie@oagguam.org).**

Thank you.
/s/
**Joseph A. Guthrie**
Chief Deputy Attorney General
Office of the Attorney General of Guam

📄 **Order.CRA24-23.CF447-23.pdf**
193K

# EXHIBIT B



# Fwd: Action Needed: People of Guam vs. Arthur U. San Agustin and Mastromo Nadeau, Supreme Court Case No. CRA24-023.

**Joseph Guthrie** <jguthrie@oagguam.org>  
To: Gabriela Rippel <grippel@oagguam.org>

Thu, Feb 12, 2026 at 12:42 PM

---------- Forwarded message ---------  
From: **Joseph Guthrie** <jguthrie@oagguam.org>  
Date: Tue, Feb 10, 2026 at 2:46 PM  
Subject: Action Needed: People of Guam vs. Arthur U. San Agustin and Mastromo Nadeau, Supreme Court Case No. CRA24-023.  
To: Guam Bar Association Attorneys <gbaattorneys@oagguam.org>

*Hafa Adai*:

Colleagues. Please find the attached order of the Supreme Court of Guam. It requires "the appearance of conflict-free substitute counsel ... not subject to the Superior Court's disqualification order [of the Office of the Attorney General of Guam]" to represent the People of Guam in the above appeal.

Please reply to this email message if (i) you are interested in filing an appearance on behalf of the People of Guam in this criminal case appeal, and (ii) if you believe that you do not have any ethical conflicts.

On Friday, February 6, 2026 we issued the original notice. To date, we have received no responses. Consequently, we are extending the period of time to respond to our office expressing an interest in entering an appearance in the above appeal. **Please reply by emailing jguthrie@oagguam.org on or before the close of business on Wednesday, February 11, 2026.**

Thank you.  
/s/  
**Joseph A. Guthrie**  
Chief Deputy Attorney General  
Office of the Attorney General of Guam

📄 **Order.CRA24-23.CF447-23.pdf**  
193K